MOORE *et al. v.* WHITE *et al.*

(*Jackson,* April Term, 1938.)

Opinion filed Dec. 17, 1938.

HOLMES & HOLMES, of Trenton, and R. E. RICE, of Dyersburg, for complainants.

FRANKLIN W. LATTA, of Dyersburg, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainants, as judgment creditors, sued White, an insolvent *non compos mentis,* and his guardian and Dyer County, seeking to subject an alleged indebtedness of the County to White on account of unpaid salary accruing while he served out an unexpired term as County Trustee.

A vacancy having occurred in the office, a number of parties became candidates before the County Court, and that Court undertook to exact an agreement from the candidates that the salary of the office for the balance of the unexpired term should be reduced from $5,000 per annum fixed by the general salary law to $2,500 per annum. It appears that White made this stipulation and was elected. The day he qualified he had a serious injury and was never thereafter physically or mentally in condition to perform the duties of the office, but the office was conducted without complaint by his wife and his deputies. As guardian for White, his wife was paid the salary of the office on the reduced basis of $2,500.

The theory of the bill is that the County still owes to White the difference between the $5,000 annual salary fixed by the general law and the amount paid, $4,166.66,

this difference being on the $2,500 basis, and the bill seeks to recover from the County the amount of the debt of the complainants against White, in the sum of $1,886.34.

The Chancellor dismissed the bill, holding that White was estopped and that his creditors were likewise estopped by the agreement referred to under which he took office. The Court of Appeals has reversed, holding that such an agreement was contrary to public policy and would not be given recognition, in application of the doctrine of estoppel, or otherwise, and awarded judgment. We approve the conclusion of the Court of Appeals and a petition filed herein for *certiorari* is denied.

Counsel for petitioner here rely upon *Saylor* v. *Trotter,* 148 Tenn., 359, 373, 255 S. W., 590, and also upon an unpublished opinion of Mr. Justice McKinney in *Webb* v. *Roberts,*[1] *et al.,* from Blount Equity, which opinion followed the *Saylor Case* in principle.

In *Saylor* v. *Trotter, supra,* and in several unreported cases arising under the general salary law, Chapter 101, Pub. Acts of 1921, Code sections 10725, *et seq.,* among them *Webb* v. *Roberts*[1], *supra,* this Court has applied estoppel to officials affected by this legislation. In other cases application of estoppel has been denied, for example, *Hays Clark* v. *Hamilton County,*[1] (March, 1935) and *Hamilton County* v. *Burns,*[1] December term 1937. It is apparent that some misapprehension exists as to the principles governing and the distinctions recognized in these decisions.

The underlying determinative distinction was clearly set forth in the opinion of Chief Justice Green in the leading case of *Saylor* v. *Trotter, supra,* at page 373, 255 S. W., at page 594, as follows:

[1]No opinion for publication.

"We are not unmindful of *State ex rel.* v. *Mayor, etc., of Nashville,* 83 Tenn. (15 Lea), 697, 54 Am. Rep., 427, and the decisions upon which it rests; *State ex rel.* v. *Purdy,* 36 Wis., 213, 17 Am. Rep., 485; *State ex rel.* v. *Collier,* 72 Mo., 13, 37 Am. Rep., 417; *Carrothers* v. *Russell,* 53 Iowa, 346, 5 N. W., 499, 36 Am. Rep., 222; *Alvord* v. *Collin,* 20 Pick. (Mass.), [418], 428.

"In these cases candidates promised to remit all or part of the salaries to which they were entitled by law, if elected. Such agreements were held to be against sound policy, as a sort of bribery of the public by candidates for office—a purchase of office by promises of money or services or both. Practices like these tend toward the selection of the lowest bidder among the candidates regardless of his merit.

"The case before us is entirely different. The candidate here only expressed his purpose to do what the act required. This was his legal and moral duty as long as the act remained in force. He did not propose to donate or give up to the county anything, but only proposed to be satisfied with the compensation and perform the duties of the office upon the terms which the Legislature had fixed.

"We think the public interest will not be jeopardized by raising an estoppel, as we have done, against an officer who has assented to an act of the Legislature, prescribing his duties and his compensation, in a case where only his individual profit and convenience are at stake."

██ The case now before us comes directly within the class described in the second paragraph of the foregoing quotation,—being one of that class in which "candidates promised to remit all or part of the salaries to which they were entitled by law, if elected." In the

*Saylor Case,* and others in which this Court has applied estoppel, the candidate had "only expressed his purpose to do what the act required." There was an act of the Legislature which was *prima facie* constitutional, in effect and binding upon him. Our holdings have been, in effect, that one having recognized and held himself out as willing to serve under the terms thereof, would not be heard thereafter to attack its validity and repudiate its terms. The situation thus arising is clearly to be distinguished from one in which, in the teeth of an unchallenged statute, a candidate agrees to remit a part of the salary fixed by that law in case of his election. It is a well settled principle of public policy that a public officer cannot make a valid agreement to this effect, and the promise being void, estoppel will not be applied. 22 R. C. L., pages 537, 538, and cases cited, among others our case of *State* v. *Nashville,* 83 Tenn. (15 Lea), 697, 54 Am. Rep., 427, referred to and approved in the above quotation from the opinion in *Saylor* v. *Trotter, supra.* Said Judge Cooper, in *State* v. *Nashville,* "If a candidate makes such a promise to the voters, it is only binding in the forum of conscience. It may impose upon him a moral, but no legal obligation. If an office have a salary attached to it, it is even against public policy to permit such agreements. This has been determined in numerous cases," citing several.

Where, as in the Blount County and other unreported cases, the official after acquiescing in and accepting benefits under an act, files his suit attacking its constitutionality, he has been held to be estopped by his previous recognition and acknowledgment of its validity.

This is not the case now before us. No act had been passed by the Legislature and no law was existent fixing

or attempting to fix the salary of this office in Dyer County at $2,500, or any other amount less than that fixed by the general salary law. The agreement made by White herein shown is, therefore, directly within the general rule, approved in *Saylor* v. *Trotter, supra,* holding such attempted agreements void, to which estoppel is inapplicable. This was the conclusion reached by the Court of Appeals in which we concur. Petition for *certiorari* is denied.