## DRAPER v. PUTNAM COUNTY.—156 S. W. (2d) 348.

Middle Section.    May 24, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

Worth Bryant, of Cookeville, for plaintiff in error Draper.

W. Keith Crawford, of Cookeville, for defendant in error Putnam County.

CROWNOVER, P. J.   This cause was before us at an earlier date of this term and was affirmed by the court because the record filed showed that the bill of exceptions was not signed by the trial judge and filed by the clerk of the lower court.

Since then Draper has filed a petition for a rehearing, in which he states that the original bill of exceptions was properly signed by the trial judge and marked filed by the clerk, within the time required by law.   He filed a copy of the bill of exceptions duly certified by the clerk, and suggested a diminution of the record.   Said petition is granted, and the record as corrected will be filed.

This action was instituted by Draper to recover from Putnam County $1,512.50 averred to be due him as unpaid salary accruing while he was employed by the county as County Road Supervisor.

There was in force in Putnam County in 1933 and 1935 an act to provide for a County Road Supervisor, the same being Chapter 278 of the Private Acts of 1925, which provided for the appointment by the Quarterly Court of a Committee "to select and employ a suitable man for the office of County Supervisor at a salary of not less than Fifteen Hundred ($1,500) Dollars nor more than Two Thousand ($2,000) Dollars per annum, the same to be fixed by this committee on the day of his election.   And this committee shall report to the Quarterly Court at its April term, 1925, or as soon thereafter as practicable, the name and the annual salary of the man employed as Supervisor and the Quarterly Court shall ratify and confirm the same."   Section 2.

Draper was elected by a committee and its action ratified at the July term, 1933, of the Quarterly Court to fill out the unexpired term of the Road Supervisor who had died, to serve from July 15, 1933, to December 31, 1934, at a salary of $50 a month.

He was duly elected and qualified and served out his term.

At the January term, 1935, he was reelected at a salary of $75 a month and duly qualified.

He resigned on June 15, 1935.

The amount of salary paid him was $1,287.50.

He now contends that the county owes him the difference between

the $1,500 a year, the minimum salary fixed by the said act, and the amount actually paid him. The amount for which he sued is $1,512.50.

The defendant county filed pleas of nil debet, statute of limitations of six years, and estoppel.

The case was tried by the judge without a jury and he dismissed the plaintiff's action.

The plaintiff's motion for a new trial was overruled and he appealed in error to this court and has assigned errors, which raise, in substance, only the proposition that it is contrary to public policy to fix a salary of a public officer at an amount lower than that provided by law.

Our Supreme Court held in Moore et al. v. White et al., 174 Tenn., 32, 36, 122 S. W. (2d) 451, 453, as follows:

"It is a well settled principle of public policy that a public officer cannot make a valid agreement to this effect, and the promise being void, estoppel will not be applied. 22 R. C. L., pages 537, 538, and cases cited, among others our case of State v. Nashville, 83 Tenn. (15 Lea), 697, 54 Am. Rep. 427, referred to and approved in the above quotation from the opinion in Saylor v. Trotter, supra [148 Tenn., 359, 255 S. W., 590]. Said Judge Cooper, in State v. Nashville, 'If a candidate makes such a promise to the voters, it is only binding in the forum of conscience. It may impose upon him a moral, but no legal obligation. If an office have a salary attached to it, it is even against public policy to permit such agreements. This has been determined in numerous cases,' citing several."

The act provides that the salary shall be not less than $1,500 nor more than $2,000, therefore $1,500 a year must be allowed as his compensation.

"Statutes relating to the fees and compensation of public officers must be strictly construed in favor of the government, and such officers are entitled only to what is clearly given by law. A provision in a statute that an officer shall receive a salary not exceeding a specified amount does not authorize the payment of the maximum amount, unless his compensation has been so fixed by the power upon whom the authority to fix has been delegated." 46 C. J., 1019, sec. 250.

The plea of the statute of limitations is not applicable to this case because the suit was instituted within six years after his first term expired. Code, sec. 8571.

It results that we hold that Draper is entitled to recover of the county the sum of $1,512.50.

We do not think that this case is governed by the principles laid down in Saylor v. Trotter, 148 Tenn., 359, 255 S. W., 590; Steele v. City of Chattanooga, 19 Tenn. App., 192, 84 S. W. (2d), 590; and an opinion of this court in the case of J. W. Helton v. City of Nashville, Davidson Law, filed August 17, 1940, as in the case at bar it appears that there were several candidates for the po-

sition of Road Supervisor, and the plaintiff Draper agreed with the committee to accept the position for $50 a month, and later, after his term expired, he agreed to accept the position for $75 a month. The statute provides a salary of from $1,500 to $2,000 a year, hence we are of the opinion that this case comes directly within the case of Moore v. White, supra, as hereinabove stated.

The assignments of errors being sustained, it results that the judgment of the lower court will be reversed. A judgment will be entered in this court in favor of Draper and against the defendant Putnam County for $1,512.50, without interest. The costs of the cause including the costs of the appeal are adjudged against Putnam County.

Howell and Felts, JJ., concur.