(79 App. Div. 460.)

GRANT v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. January 20, 1903.)

1. MUNICIPALITY—COMMISSIONER OF PUBLIC WORKS—SALARY—REDUCTION.

Where the charter of a city provides for a commissioner of public works to serve for a specified term, and authorizes the board of estimate and apportionment to fix his salary, which is not to be changed during his term, the board's power to fix the salary is absolute, and no authority to reduce it is conferred on the common council by a provision requiring

the board to submit to it an estimate of the sums necessary to conduct the business of the city, and authorizing it to adopt or reject any "item" therein, after a hearing thereon.

2. SAME—WAIVER OF OBJECTIONS—RECOVERY OF AMOUNT IN ARREARS.
   Plaintiff had been appointed commissioner of public works at a salary fixed by the board of estimate and apportionment at $4,000. Afterwards the council without authority reduced the salary to $3,600, and plaintiff agreed with the mayor, who had appointed him, to serve for that sum. He also furnished the board of estimate and apportionment, as required by law, an estimate of the money needed for his department, therein specifying his salary as $3,600, and each month accepted a check for $300, in which it was stated that it was for salary in full for the month. *Held* not to preclude his recovering the difference between the amount paid and the salary as originally fixed.

Appeal from Trial Term, Monroe county.

Action by J. Herbert Grant against the city of Rochester. Judgment on a demurrer in favor of plaintiff, and defendant appeals. Affirmed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

William A. Sutherland, for appellant.

P. M. French, for respondent.

NASH, J. The plaintiff sues to recover arrears of salary as commissioner of public works of the city of Rochester for the years 1900 and 1901. The salary was fixed at $4,000 per annum, or $8,000 for the two years, upon which the plaintiff received only the sum of $7,300, leaving unpaid $700. The answer denies that there is any balance of the salary unpaid, and alleges:

"That after the said appointment of the plaintiff as commissioner of public works of said city, and after the action of the board of estimate and apportionment of said city, designating the sum of $4,000 per annum as the salary attaching to the office of the commissioner of public works of said city, the common council of said city in the month of April, 1900, disapproved of the said action of said board of estimate and apportionment, and fixed the salary attaching to the office of commissioner of public works at the sum of $3,600 per annum, and thereafter adopted the tax budget and schedules containing an appropriation of salary for said commissioner of public works at $3,600 per annum, and the tax budget as finally adopted by said council provided for the raising by taxation only the said sum of $3,600 for the annual salary of the said commissioner of public works for the year 1900. That the plaintiff acquiesced in and consented to the said action of the said common council, and having been appointed to said office by the said mayor, and being removable from said office at the pleasure of the said mayor, the said plaintiff entered into an agreement with the said mayor, who was acting for and on behalf of the defendant, after the said action of the said common council, whereby the plaintiff promised and agreed to and with the said mayor so acting for and on behalf of the defendant that he would continue in the discharge of the duties of said office of commissioner of public works at the said salary of $3,600 per annum. That afterward, and in or about the month of November, 1900, this plaintiff being required by law to furnish the board of estimate and apportionment a statement showing the amounts of money that in his opinion should be appropriated for the department of public works, for expenditures during the year 1901, made and submitted to the said board his written memorandum thereof in detail, including in the detailed statement thereof the salary of the said commissioner of public works at the sum of $3,600. That the said board of estimate in the month of January, 1901, acted upon the said statement so furnished to the said board by this

plaintiff, and determined by due resolution to raise moneys for expenditure in said department, according to the details so placed before them by this plaintiff, and resolved, among other items, to raise, by taxation in 1901, the salary of said commissioner of public works, the sum of $3,600. That afterward, and in or about the month of April, 1901, the common council of said city adopted the tax budget for the said year 1901, including in the terms thereof the salary of the said commissioner of public works at said sum of $3,600, and the said tax budget as finally adopted providing for the raising of $3,600 only for the salary of said commissioner of public works for the year 1901."

The answer further alleges that beginning with the month of May, 1900, the plaintiff, as commissioner of public works, signed and certified, every month during his term of office, pay rolls in which his salary was stated each month to be $300, being at the rate of $3,600 per annum, and that each month he received the treasurer's check for $300, in which it was stated that the amount was for salary in full for the month, and the amount of the check was paid to the plaintiff upon his indorsement.

The question is whether the plaintiff was concluded either by what is alleged to be his acquiescence in the action of the common council, or the alleged agreement with the mayor, or whether his alleged acts constitute a waiver or estoppel which now precludes a recovery of the remainder of his salary.

The rule applicable to the case is that when the salary of an officer of a municipality is fixed by law it belongs to him as an incident to his office so long as he holds it, and when wrongfully withheld may be recovered. The rule, without qualification, is firmly established in this state, whatever may be held elsewhere. In People ex rel. Saterlee v. Board of Police, 75 N. Y. 38, the relator in 1873 was appointed police surgeon by resolution of the board of police of the city of New York, which fixed his salary at $1,500 per annum. He accepted the appointment and performed the duties of the office for over two years, drawing his salary as fixed by the resolution of the board of police. The salary of the office of police surgeon had been fixed by the provision of an act of the legislature passed in 1866 at $2,250 per annum. In the proceeding to compel by mandamus the board of police to draw a requisition upon the comptroller for an amount sufficient to pay the difference between the salary so fixed by the board of police and that fixed by said act of 1866 (page 1991, c. 861), held, that the board had no power by resolution to fix the salary at a less amount than that prescribed by the statute; that the acceptance and discharge of the duties of the office under the appointment was not a waiver of the statutory provision, and did not constitute a binding contract to perform the duties of the office for the sum named in the resolution. The law applicable to the case is stated in the opinion of the court as follows:

"There is no principle upon which an individual appointed or elected to an official position can be compelled to take less than the salary fixed by law. The acceptance and discharge of the duties of the office after appointment is not a waiver of a statutory provision fixing the salary thereof, and does not establish a binding contract to perform the duties of the office for the sum named. The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer, and procure officials to act for a less sum that the statute provides, or that such officials can make

a binding contract to that effect. The doctrine of waiver has no application in any such case, and cannot be invoked to aid the respondent."

In Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787, the plaintiff, a police officer receiving an annual salary, had been removed by an order of the police commissioners, which order was reversed upon certiorari, and the plaintiff restored to his office. Between the order of removal and that of restoration he was not permitted to render service as policeman, but earned money in other employments. In an action to recover the salary during that period, it was held that a refusal to deduct the amount of his earnings from the unpaid salary was proper. The rule sought to be enforced by the city was that which is applicable between master and servant in an action to recover damages for breach of contract of employment, in which the employé is bound to seek other employment, and thereby reduce the loss, if practicable. Judge Finch in regard to this, writing for the court, said:

"This rule of damages has no application to an officer suing for his salary, and for the obvious reason that there is no broken contract or damages for its breach where there is no contract. We have often held that there is no contract between the officer and the state or municipality by force of which the salary is payable. That belongs to him as an incident of his office, and so long as he holds it, and when improperly withheld he may sue for the same and recover it. When he does so he is entitled to its full amount, not by force of any contract, but because the law attaches it to the office."

And in the case of an employé:

"When a fixed salary or compensation is provided by law to be paid for services rendered by an individual to the public, or the right to fix such compensation is given to a class of persons who have performed that duty, it is not competent for another officer, whose duty is solely to engage persons to perform the services, to stipulate with them for a smaller rate than that provided by the established regulations. Such are the cases of People ex rel. Saterlee v. Board of Police, 75 N. Y. 38; Kehn v. State of New York, 93 N. Y. 291; People ex rel. Ryan v. French, 91 N. Y. 265. When, however, the person authorized to effect the employment is also empowered to fix the salary or compensation of the employé, there is no foundation for the application of the doctrine held in those cases." Ruger, C. J., Riley v. Mayor, 96 N. Y. 339.

The charter of the city (Laws 1898, p. 387, c. 182, § 107) provides that there shall be a commissioner of public works, whose term of office shall be two years, and authority is conferred upon the board of estimate and apportionment to fix the salary; and, when fixed, the salary thereafter shall not be changed until the expiration of the term for which he is appointed (Id. § 98). The power of the board of estimate and apportionment to fix the salary is absolute, and no authority to reduce the salary is conferred upon the common council by the provision (Laws 1898, p. 384, c. 182, § 96, as amended by Laws 1899, p. 1272, c. 581, § 7) requiring the submission to it by such board of an estimate of the sums deemed necessary to conduct the business of the city in each department, and providing that after a hearing thereon the common council may adopt or reject any item therein. Pryor v. City of Rochester, 166 N. Y. 548, 60 N. E. 252. And applying the rule that the salary belonged to the plaintiff as an incident to his office, and, as stated by Judge Ruger, that it is not competent for another officer to stipulate for a smaller rate, the agreement alleged to have been entered into by the plaintiff and the mayor that he would accept the rate to which his salary had been reduced by the common

council cannot be regarded as of any force or effect. The fact that the mayor had it in his power to remove the plaintiff from his office during the term for which the plaintiff had been appointed is of no moment; the plaintiff could not be coerced into making such an agreement. The fact also that the plaintiff as commissioner of public works furnished to the board of estimate and apportionment, which he was required by law to do, a statement of the amount which in his opinion should be appropriated for his department during the year 1901, including in it his salary at the reduced rate fixed by the common council, and the acceptance of the check of the treasurer each month for that amount, stated to be in full, is without effect; for under the rule the doctrine of estoppel or waiver can have no application. So held in Kehn v. State, 93 N. Y. 291.

With the exception of Hobbs v. City of Yonkers, 102 N. Y. 13, 5 N. E. 778, the authorities cited in support of the appellant's contention were cases where the officer or body authorized to effect the employment were also authorized to fix or agree upon the salary or compensation of the officer or employé. People ex rel. Rodgers v. Coler, 166 N. Y. 1, 59 N. E. 716, 52 L. R. A. 814, 82 Am. St. Rep. 605; Emmitt v. Mayor, 128 N. Y. 117, 28 N. E. 19; Drew v. Mayor, 8 Hun, 443; People ex rel. Bacon v. Board of Supervisors, 105 N. Y. 180, 11 N. E. 391.

The case of Hobbs v. City of Yonkers, as stated in the opinion, is clearly distinguishable from the cases which establish the principle that an officer of a municipal corporation cannot be compelled to take less compensation for his services than that fixed by statute. The case has its peculiar circumstances. It was held there that the agreement of a city treasurer to take less than his fees fixed by statute was invalid, yet he had a right to release the city from all claims beyond the amount agreed upon, which he had done by turning over to the city the fees received in excess of the agreed compensation, and that for a portion of the time it was to be presumed that the common council omitted to fix the plaintiff's salary, in reliance upon his agreement, and he was estopped from claiming more. It is sufficient to say that no such state of facts or a similar case exists here. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.