HAMILTON COUNTY *et al.*, COMPLAINANTS, APPELLANTS, *v.*
HAYS CLARK, DEFENDANT, APPELLEE.*

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

*As to salaries of public officers, see 22 R. C. L., 527, 528.

E. F. HUNT, Assistant Attorney-General, for complainants, appellants.

THOMAS, THOMAS & COFFEY, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by the County to recover funds alleged to have been collected by Hays Clark, Clerk of the Criminal Court, and not paid into the County Treasury, pursuant to the provisions of Chapter 101, Acts of 1921, known as the Salary Law. It was shown that Clark had been elected Clerk in 1922, and again in 1926, and for the third term in 1930; that he had duly accounted for all collections made by him of fees, commissions and charges during his first and second terms. The claim asserted by the bill was alleged to have arisen in the following manner. It was shown that he had collected during the first six months of his third term, beginning September 1, 1930, fees amounting to $8782.57, and that in making his first semi-annual report and statement he had deducted therefrom his salary and the salaries of his assistants and for other expenses $6933.21 and paid the balance of $1849.36 into the County Treasury. It was alleged that of the total amount collected of $8782.57 the sum of $5954.81 represented fees which had been *earned* during previous terms, the balance of $2827.76 only representing fees *earned* during the first semi-annual period of the current term.

Now the insistence made by complainant is that the Clerk was entitled to appropriate to the salaries and expenses of his office for that period only that proportion of the total sum collected which represented fees *earned* during this first semi-annual period of his current term, and that the sum of $5954.81 representing fees which had been previously earned was not applicable to the payment of these salaries and expenses, and should have been paid over. The same basis of accounting was adopted for the second semi-annual period, the amounts involved being different.

The bill was met by demurrer, which was sustained by the Chancellor and the bill dismissed. We find no error in the action of the Chancellor. We agree with the contention made for the defendant, and sustained by the Chancellor, that the Clerk was entitled to deduct his proper salary and expense charges from the fees collected by him during each current quarter, regardless of when the fee, commissions and charges so collected were earned or accrued. We think this view clearly supported by the express language of the act, and consistent with the theory and purposes of the legislation, particularly the principle that all fees are public revenue.

It will be observed that in Sections 5, 16 and 17, which deal particularly with the matter of the compensation of the officials whose salaries are regulated by the act, that the term "collect" is invariably used, evidently without reference to the origin or date of creation of the fee or charge. Moreover, in Section 16 it is expressly provided, that "if in any month the total amount of fees, commissions, emoluments, etc., *collected* by any of said officers do not equal the total amount of his salary, the salaries of his deputies, and assistants allowed him plus the other expenses of his office as herein provided, for the month, then and in that event the amount of such deficiency shall be allowed him out of any excess fees, etc., *received* or *collected* by him during any preceding or succeeding month or months of the terms for which he is elected or appointed." We have italicized pertinent determinative words.

The decree is affirmed.