No. 31,512

CECIL J. PETERSON, *Appellant,* v. THE CITY OF PARSONS, *Appellee.*

(33 P. 2d 715.)

Opinion filed June 9, 1934.

*Dwight A. Olds* and *Carl V. Rice,* both of Parsons, for the appellant.
*Charles H. Cory,* of Parsons, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover from the city of Parsons, a city of the first class under the commission form of government, the balance of the salary of city engineer at $175 per month, the rate fixed by ordinance, for the full time of service as such engineer, to wit: twelve and one-half months, less the amount paid plaintiff during that time, being a balance of $1,440.50.

The defendant answered with special pleas of waiver, estoppel, accord and satisfaction and a modified contract fully executed. There was no substantial conflict in the evidence and, after being fully instructed, the jury returned a verdict for the plaintiff for $100, from which the plaintiff appeals, urging especially errors in the instructions given.

The evidence shows that the plaintiff was appointed by the commission of the defendant city as city engineer to fill a vacancy at a salary of $150 per month, effective February 1, 1932. The motion making such appointment and the confirmation thereof is shown in the minutes of the commission. The plaintiff served for three months under such arrangement, drawing $150 at the end of each of the three months, and thereafter the evidence shows he only charged for such days as he did manual labor on the street work and then at the rate of $6 per day, pursuant to a modified agreement. Plaintiff filed his statements each.month for such service at this rate until February 16, 1933, receiving altogether, including the monthly salary for the first three months, $747, which, deducted from the full salary claimed at $175 per month for the twelve and one-half months, leaves a balance of $1,440.50.

There was evidence introduced showing that plaintiff agreed with the city commissioners at the time of his appointment that he would accept $150 salary per month, and when he made a demand in writing shortly before bringing this action he said:

"While I am legally entitled to the amount claimed I will accept allowance of said claim in the amount of $1,053, thereby crediting the city with the sum of $25 per month as per agreement made at the time of acceptance of appointment. This offer to be withdrawn if said claim is not allowed."

There was evidence of services rendered the city by him aside from the manual labor performed by him at $6 per day, for which

special services no compensation was ever paid. It is for this special service the appellee suggests that the jury rendered its verdict of $100, although no instruction for such was given or requested. Neither is there anything in the pleadings upon which such verdict could be based.

The trial court in its instructions fully stated the issues in detail and instructed the jury to find for the plaintiff at the rate of $175 per month, or a balance of $1,440.50, if the plaintiff, by a preponderance of the evidence, established his contention as set out in his petition and reiterated in the instructions, and then instructed the jury as to the contention of the city that the plaintiff had waived any right he might previously have had by agreeing to take $150 per month at the time he was appointed, and later, after three months, having agreed to take and regularly did take without protest or complaint $6 per day for the time he actually labored in his line of work on the streets during the balance of the year, that "then and in that event you are instructed that plaintiff by his acts waived his rights to a salary of $175 per month, as provided by said ordinance, and is estopped to claim compensation thereunder, and your verdict should be for the defendant." These instructions were followed by the following instruction:

"You are instructed that the plaintiff on the witness stand and his counsel in his opening statement have stated that they are making no claim for more than $150 per month. Therefore, if you shall find from the preponderance of the evidence in the case that the plaintiff is entitled to recover from the defendant, as elsewhere explained in these instructions, in computing the amount of his recovery, you will use as a basis of such recovery the amount of $150 per month, rather than $175 per month, for such time as you shall find from the evidence he is entitled to recover."

The following two sections of the statutes of Kansas are of particular importance with reference to the appointive officers and their salaries in cities of the first class under the commission form of government:

"The board of commissioners may appoint, by a majority vote of all the members thereof, the following officers, to wit: . . . a city engineer, . . . but no such officer shall be appointed until his term and salary shall have been fixed by ordinance." (R. S. 13-2101.)

"The board of commissioners shall have the power to remove the city attorney, city clerk, city treasurer or city auditor for incompetency, neglect of duty, or malfeasance in office, upon charges preferred, after due notice in writing and opportunity to be heard in their defense. . . . But said board

may in their discretion, by a majority vote of all the members thereof, remove with or without cause the incumbent of any other appointive city office or employment whatever, and may by ordinance prescribe, limit or change the compensation of such officers and employees, except that the salaries of all appointive officers shall not be increased or diminished during the term for which they are appointed." (R. S. 13-2103.)

The following three sections of two ordinances passed by the city of Parsons more than a year prior to the appointment of plaintiff as city engineer of said city for the unexpired term, were in force at that time. Section 4 of ordinance No. 3130 is as follows:

"The board of commissioners shall have power to remove the city attorney, city clerk, city treasurer or city auditor for incompetence, neglect of duty or malfeasance in office, upon charges preferred, after due notice in writing and opportunity to be heard in their defense. . . . But said board may at their discretion, by a majority vote of all the members thereof, remove with or without cause the incumbent of any other appointive city office or employment whatsoever, and may by ordinance prescribe, limit or change the compensation of such officers and employees, except that the salaries of all appointive officers shall not be increased or diminished during the term for which they are appointed."

Sections 1 and 21 of ordinance No. 3132 are as follows: ·

"1. That the following named officers and employees of the city of Parsons, Kansas, shall have and receive as compensation for their services the amount fixed by this ordinance as follows, to wit:

"21. Engineer: One hundred seventy-five ($175) dollars per month, payable semimonthly."

These statutes and ordinances show plainly that a city engineer can be removed by the city commission with or without cause at any time. This was not done until twelve and one-half months after the appointment of plaintiff. These statutes and ordinances also show that the salary of the city engineer cannot be increased or diminished during the term for which he was appointed and that the only way to fix or change the salary of such appointive officer is by ordinance passed prior to such appointment. No attempt was made to change the salary by the enactment of an ordinance as required by statute.

Can the city commission by agreement with the appointee change or fix the salary of such appointee in disregard of its own ordinance and the statute of the state limiting such power to be exercised by ordinance only? Can valid and binding arrangements be made by and between city officials by agreement between themselves which are decidedly and wholly in violation and disregard of the

state laws and the ordinances of the city they represent? This is the question of law involved in this case. The defendant maintains that the agreement is paramount to the law when the plaintiff has waived his rights under the law and when he is estopped to claim such right by his waiver thereof and his acquiescence in the terms of an agreement amounting to accord and satisfaction.

The case of *Moore v. Nation*, 80 Kan. 672, 103 Pac. 107, was where a district judge insisted upon an increase of salary because of greatly increased duties imposed, there being a constitutional provision against any such increase, and it was held:

"When a public official takes office he undertakes to perform all its duties, although some of them may be called into activity for the first time by legislation occurring after he enters upon his term. In such an event he must perform the increased service without increased compensation, unless the legislature has the power and sees fit to grant him additional pay." (Syl. ¶ 4.)

The early case of *State v. Elting*, 29 Kan. 397, was where a competing town for county seat offered to the county alternate undeeded lots amounting to sixty-five acres, and others interested in having the town designated as the county seat of the county at the approaching election offered land, and certain voters were influenced by the advantages thus afforded the new county government, and the case was distinguished by Judge Brewer, in writing the opinion, from an ordinary candidate for office where an offer to discharge the duties of the office for less than the salary prescribed was no less than a bribe, and added—

"As a consequence of these rules it has been held that a candidate for an office to which is attached a fixed salary, who offers to the electors to discharge, if elected, the duties of such office at less than the stated salary, is not entitled to have counted for him any votes given in consideration of such promise." (p. 399.)

Suppose there had been a number of aspirants for the appointment of city engineer at the time the plaintiff was appointed and he should have made the offer to do the work of the office for $25 per month less than that prescribed by ordinance. His appointment would have been against public policy notwithstanding it might be in the interest of economy. The statutes and ordinances in this case provide two ways for the city commission to effect economy in the matter of salary of city engineer, either by fixing it at a reduced amount by ordinance prior to making the appointment or by removing the appointee at any time after appointment, with or without cause.

In 22 R. C. L. 525 it is said:

". . . the right to a public office carries with it the right to any emoluments which may pertain to it, and to the person legally holding the office belong the perquisites and emoluments attached by law to the office, as fully as does the office itself."

Also, in the same volume at page 538 it is said:

"As a general rule an agreement by a public officer to render the services required of him for less than the compensation provided by law is void as against public policy."

Under the heading of "Municipal Corporations" and the subtitle of "Reduction of Compensation," it is stated in 43 C. J. 701, first, in the absence of express provision of law forbidding it, then—

"But when such a restriction of law exists, the compensation of the officer fixed by law cannot be diminished during the term of office, directly by express ordinance or contract, or indirectly by diminution or entire cessation of the duties of the office."

Appellee calls our attention to section 1173 on the same page of 43 C. J., as above quoted, as recognizing a waiver. It is as follows:

"The rule supported by the weight of authority is that a municipal officer who continues to hold his office for the full term and receives his compensation at a fixed rate, without dissent, thereby waives his right to claim a higher rate named in some act or ordinance; but he does not waive his right to claim the salary due him by receiving a smaller amount, when he does so without any settlement or compromise, but under protest and claiming, at the same time, his right to the full amount. And in some jurisdictions, the view obtains that the doctrine of waiver has no application when the salary of a municipal officer is fixed by law, and that there can be no waiver as to amount, either by express agreement or by the conduct of the officer, except where the officer or body authorized to effect the employment is also empowered to fix or agree upon the salary or compensation of the officer."

A few early cases are cited in the note as to waiver of the right to claim a higher rate named in an ordinance where the smaller amount was taken without dissent. The first case is *Rau v. The City of Little Rock*, 34 Ark. 303, where such acceptance was held to be a waiver, but two later cases from the same state hold differently. One is *Duncan v. Scott County*, 68 Ark. 276, where it was held:

"If there was any consideration accruing to the appellant, it was an illegal one, and therefore no consideration. Otherwise, it was a mere voluntary agreement on the part of the appellant, having no binding force in law. He was by law entitled to the fees allowed by the county court, and he is estopped by no antecedent agreement to waive them." (p. 279.)

The other case is *Cobb v. Scoggin*, 85 Ark. 106, where it was held:

"A contract to pay an officer more or less compensation than that fixed by law is contrary to public policy and void." (p. 111.)

Other cases cited in this note and additional ones, cited by appellee, are not exactly applicable to the case at bar. In one case the salary was stated in the opinion to be "under the control of the city council," and the city engineer was at liberty to resign when the council reduced it, which it had a legal right to do. In another one cited, the court said in its opinion, "Without undertaking to construe the various provisions of the charter touching the matter" the court held there was a waiver because the council could establish the compensation. This could not be done in the case at bar after the appointment. In another case cited, where it was held waiver and estoppel prevented the plaintiff from recovering the prescribed salary of a city collector, it was said "it is not necessary to decide this point"—the authority of the board to reduce the salary. In a Missouri case cited by appellee holding both waiver and estoppel, the sole and only question considered was whether or not there was in fact a settlement, which issue was limited by the pleadings. The right and authority to make such settlement was not in that case, nor was the question of the legality of such settlement. These decisions do not assist us much in determining the main question here involved—the legality of such a settlement, the public policy thereof and the right and authority to make such a contract. If a binding contract can be made for a reduced salary, it can with the same propriety and authority be made for an increased salary.

The facts in the case of *Rhodes v. Tacoma*, 97 Wash. 341, are quite similar to those in the case at bar, and it was there held:

"An agreement by an officer before appointment to accept a less salary than that fixed by law is void as against public policy.

"Where an officer's salary is fixed by ordinance, which could be repealed or suspended only by ordinance, he is entitled to recover the full salary, notwithstanding the officer appointing him informed him that he would receive a less salary, and for a period of over two years he accepted monthly salary warrants acknowledging payment in full for services rendered.

"Where a salary is fixed by law, acknowledgment of a less sum in full payment for all services rendered is not an accord and satisfaction, since there was no consideration, and no question of contract or public policy is involved." (Syl.)

This decision was cited and approved in the very recent case of *Bell v. Mabton*, 165 Wash. 396. (See, also, 70 A. L. R. 972.)

The trial court in one of the instructions, above quoted, accepted the theory of the defendant as to the plaintiff by his conduct being estopped to claim compensation under the ordinance. We are unable to find in the facts and circumstances of this case the necessary elements of estoppel. They are defined in 21 C. J. 1119 as follows:

"In order to constitute this kind of estoppel there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted upon it to his prejudice. To constitute an 'estoppel in pais' there must concur an admission, statement, or act inconsistent with the claim afterward asserted, action by the other party thereon and injury to such other party. There can be no estoppel if either of these elements are wanting." (See, also, Dangerfield v. Railway Co., 62 Kan. 85, 61 Pac. 405.)

The authorities cited by appellee would be convincing if there existed a legal right to make the agreement said to have been made reducing the salary, but where there was no right or authority to make any reduction except before appointment and by ordinance, what was illegally attempted to be done in the nature of an agreement or contract was void and without any binding force on either party. The apparent waiver and accord and satisfaction, being based wholly upon an illegal and void agreement, is without force or effect.

As to estoppel, we may inquire, in line with the above definition, who in this case made to the other the misrepresentations or fraudulent statements? Who followed and relied upon them as if truly ignorant of the real facts? Was anyone injured except the plaintiff in being deprived of part of his salary? The facts fail to establish an estoppel, and that part of the instruction quoted was, in our judgment, erroneous. Neither was there any waiver nor accord and satisfaction because of the illegal nature of the pretended and supposed contract, which was illegal and void.

There can be no good purpose in directing another trial, because the only defense attempted was along these lines, found to be wholly without avail to the city. A demurrer to the evidence of the defendant could properly have been sustained and a directed verdict for plaintiff would have been proper.

Appellee calls attention to the change of position of the appellant in this court in that he now relies upon his legal rights under the

statute and ordinance, whereas in the trial court he was seeking to enforce his rights under the supposed contract. One of the instructions of the court supports this contention, yet there was no allegation in the petition for recovery upon the supposed contract, and whatever was done or said along that line was outside the issues of the case. Something is said about an offer to remit a portion of the salary. That matter is not in shape for this court to review nor to make any order.

It is insisted that R. S. 13-1414 limits all actions against a city to such matters as those in which an action would lie against a private individual under like circumstances, and, of course, a private individual would not be liable to any one for his salary as city engineer. But this section has reference to. unliquidated claims and similar ones against the city in the exercise of its corporate power or authority and not to claims for salary.

The case of *Baltimore American Ins. Co. v. Zimmerman*, 127 Kan. 145, 272 Pac. 165, is urged in support of the theory that equity should be done between the parties to this case. That case was where individuals were under no legal restraint as to how or when they might contract with each other, and one of the contracting parties sought to rescind a contract on the ground of fraud practised on him by the other party—a very different situation from the case at bar.

The verdict of course cannot stand, as it is not in line with any of the allegations of the pleadings, and we think it was error to instruct the jury as to waiver, estoppel and accord and satisfaction being defenses to the plaintiff's cause of action.

The judgment is reversed, and the cause is remanded with directions to render judgment for plaintiff as per the prayer of his petition.