FREEMAN *v.* SWAN *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

On Petition to Rehear March 19, 1951.

Rehearing denied April 2, 1951.

GEORGE W. YOST, of Springfield, for appellant.

O'BRIEN, PRICE & O'BRIEN, of Springfield, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit for declaratory judgment seeking a construction of Chapter 469, Private Acts of 1947, which Act creates a Court of General Sessions for Robertson County with jurisdiction over all matters formerly coming within the jurisdiction of justices of the peace, and also divorces.

The question presented is whether petitioner Freeman as Clerk of the General Sessions Court is entitled to all the fees accruing in the Court, which he claims belong to him in addition to his fees as Clerk of the Circuit Court.

Section 12 of the said Act provides as follows:

"The fees, commissions and emoluments of said Court of General Sessions shall accrue to said County. The Clerk of said Court shall receive as compensation for his services the sum of $1,200.00 per annum, payable in equal monthly installments out of the ordinary funds of said County, and shall pay to said County monthly all

fees, commissions and emoluments of said Court of General Sessions, except fees pertaining to divorce cases.

"The Clerk of said Court and his deputies shall have concurrent authority with the Judge thereof to issue warrants and other processes and writs, other than those which the law requires shall be issued only by a judicial officer. . . ."

■■ The part of said section fixing the salary of the Clerk at $1200.00 is unconstitutional as violative of Article 1, Section 8 and Article 2, Section 8 of the Constitution of Tennessee in that it suspends the general law of the state for the benefit of Robertson County. The lower court held this part of said section unconstitutional and further held that under Code, Section 10727, fees collected by said Clerk should be retained by him up to $5,000.00. This Court recently in *Carmichael* v. *Hamby*, 188 Tenn. 182, 217 S. W. (2d) 934, held a similar section in an act applicable to McMinn County unconstitutional as conferring special benefits on an individual contrary to the anti-fee statute and suspending general law of the state for the benefit of one county. It is stated in the brief filed by appellee that he does not insist that he is entitled to fees for services performed as judge of the court as charged in the brief of the appellant in the statement of facts.

We are of the opinion that said Private Act insofar as it fixes the salary for the Clerk of the Court of General Sessions is violative of the Constitution for the reasons above stated but we think that the Circuit Judge was correct in holding that appellee was entitled to collect the costs in each case and retain same until his salary of $5,000.00 is paid, as provided for offices in counties of Class 3 under said Code, Section 10727. The appellee

is not entitled to costs for the issuance of warrants and judicial processes reserved to the judge of said Court.

It results that we find no error in the judgment of the lower court and it is affirmed.

All concur.