GREGORY *v.* TROUSDALE COUNTY *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed August 31, 1951.

LOUIS CHAMBERS, of Lebanon, and J. C. McMURTRY, of Hartsville, for complainant.

RUSSELL WRIGHT, of Hartsville, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a bill filed under the Declaratory Judgments Act, Code, Section 8835 et seq., by Jesse W. Gregory, former Clerk of the Circuit and General Sessions Courts of Trousdale County, against the County, the County Judge, and the State Attorney General, assailing the constitutionality of certain provisions of Chapter 390 of Private Acts of 1939, and subsequently amendatory Acts, which fixed the compensation of the Complainant, who, as Circuit Court Clerk, was ex officio Clerk of the Court of General Sessions of Trousdale County. The bill asserts that since the salary provisions of the Private Act and its amendatory amendments are unconstitutional, he is entitled to have his salary fixed under the Anti-Fee Bill, and that when this is done, he is entitled to additional compensation in the amount of $6,247.74, which was the difference between the compensation he received under the Private Act and the compensation to which he was entitled under the Anti-Fee Bill, Code, Section 10725 et seq. The bill further asserts that the excess fees in the hands of the Clerk which were paid over to the County by him, were sufficient to pay the amount claimed.

The Defendants answered the bill, a stipulation of facts was agreed to, and after hearing the cause, the Chancellor entered a decree denying the relief sought, and dismissed the bill. Complainant has perfected this appeal.

The Complainant took office as Circuit Court Clerk of Trousdale County, on September 1, 1938, and served as such officer until September 1, 1950. By Chapter 390, Private Acts of 1939, the Court of General Sessions was created in Trousdale County, and the Complainant, as Circuit Court Clerk, became ex officio Clerk of the Court of General Sessions. By Section 12, Chapter 390, Private Acts of 1939, Complainant's salary as Clerk of the Court of General Sessions, was fixed at $300 per year. This provision of the Act of 1939, was subsequently amended by successive sessions of the Legislature as follows:

(1) Chapter 264, of the Private Acts of 1941, provided that the Clerk should have the fees in all criminal cases, in lieu of a salary; (2) Chapter 230 of the Private Acts of 1943 repealed the Act of 1941, required the Clerk to pay over all fees to the County, and re-enacted the salary provision of the Private Act of 1939; (3) By Chapter 464 of the Private Acts of 1947, the Act of 1939 was further amended by raising the salary of the Clerk of the Court of General Sessions from $300 to $600 per annum.

The Complainant was being paid in accordance with the provisions of the Private Act of 1947, when he went out of office on September 1, 1950. The Complainant has never made a final accounting with the County, and the bill in the present cause was filed on October 9, 1950. The reason that no such final accounting has been made by Complainant is thus stated in a supplemental brief filed in his behalf: "Through error and mistake, as shown in our original brief and argument, complainant did pay to said County monthly fees, commissions and emoluments earned and collected by him as Clerk of said Court. However, it is denied that he had ever made final settlement with either Trousdale County or with the defendant, E. J. Parker, County Judge and Fiscal Officer

and Agent of said County. At the time this suit was brought, a number of cases were pending on appeal in the Circuit and Criminal Courts of Trousdale County in which he had fees earned, and which will become due him upon the final disposition of said cases. Until all the fees earned by him have been collected, he cannot make a final settlement.''

The final accounting of Complainant with the County and the County Trustee is yet to be made under the following provisions of Code Sec. 10742: ''* * * and when the several terms of office of the officers are ended a final settlement will be had between the county and said officers, and any deficiency in the salary of said officers for any year during their tenure will be paid to them out of said funds arising from the funds paid in by said officials.''

In view of the situation of the parties at the time the present bill was filed, and the language of the foregoing section of the Code, as it was construed in the case of *Hamilton County* v. *Clark,* 165 Tenn. 292, 55 S. W. (2d) 266, we hold that the learned Chancellor erred in his decree that the Complainant was estopped prior to his final accounting, to have a readjustment of his salary with the County for the entire tenure of his office.

Since the Chancellor held only that the Complainant was estopped to seek such readjustment, and since in the present state of the record, no decree can be entered for any amount owed by the County to the Complainant, or by the Complainant to the County, the decree of the Chancellor holding that the Complainant was estopped, is reversed and the cause remanded to the Chancery Court for (1) determination by the Chancellor of the constitutionality of the salary provisions of Chapter 390, Private Acts of 1939, and subsequent amendments, attacked by

the bill, and (2) a reference for an accounting and settlement between the parties. The costs of the appeal will be paid by the Defendants, and the costs of the Chancery Court will be adjudged in the final decree.

All concur.