ANDERSON *v.* MAURY COUNTY *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed August 31, 1951.

HOPKINS & HOPKINS, of Columbia, for complainant.

JAMES B. ROSS, WILLIAM G. ALLEN and W. A. RICHARDSON, all of Columbia, for defendants.

Mr. Justice Gailor delivered the opinion of the Court.

Complainant is the duly elected Circuit Court clerk of Maury County, and as such, by operation of law, she is also clerk of the County Criminal Court, and clerk of the General Sessions Court of the County. The purpose of the bill filed in the Chancery Court, was for leave to apply certain excess fees rising from the operation of the General Sessions Court to a deficiency in salary which Complainant suffered prior to the creation of the General Sessions Court and while Complainant was serving only as Circuit Court clerk and clerk of County Criminal Court.

The facts are stipulated and those pertinent are as follows:

To fill an unexpired term Complainant was appointed Circuit Court clerk on May 10, 1941, and she has since been elected for subsequent terms on September 1, 1942, September 1, 1946 and September 1, 1950.

Under the Anti-Fee Bill, Code Section 10725 et seq., as Circuit Court clerk of Maury County, Complainant's maximum salary was $5,000 per annum, if fees coming into her hands as clerk, justified her retaining that amount. Code Section 10727. For the period from May 10, 1941, to September 1, 1950, her total salary calculated on this basis, would have been $46,527.74, but on account of the insufficiency of fees coming into the clerk's hands, she actually received only $25,717.30, leaving a salary deficit for that period, of $20,810.44.

The General Sessions Court of Maury County, commenced to operate on September 1, 1948, and thereafter, fees in the clerk's hands were more than sufficient to pay all expenses of her office, and her maximum salary from September 1, 1948, to the time of the filing of the bill on August 5, 1950. Moreover, Complainant, obeying the mandate of Code Section 10742, paid to the County in excess fees, the sum of $10,210.49, and at the time of the filing of the bill, had on hand in excess fees, an additional amount of $6,345.83.

By her bill, Complainant contends that under proper construction of Code Section 10742, to make up the deficit in her salary from May 10, 1941, to September 1, 1948, she is entitled (1) to apply the sum of $6,345.83, being the excess fees in her hands, (2) to a judgment against the County for the sum of $10,210.49, being the amount paid in excess fees to the County since September 1,

1950, (3) to apply future excess fees until her salary shall total $5,000 per annum, from May 10, 1941.

The Chancellor decreed the relief sought and the Defendants have perfected this appeal.

For an understanding of the present appeal, it is necessary to state that Complainant, as Circuit Court clerk, on April 20, 1949, filed a petition in the Circuit Court of Maury County against these same Defendants and the Attorney General of the State, assailing the constitutionality of Sections 15 and 16 of Chapter 254, Private Acts of 1947, the Act by which the General Sessions Court was created for Maury County. These Sections provided a fixed salary of $1,500 for the clerk of the General Sessions Court. On the authority of *Carmichael* v. *Hamby,* 188 Tenn. 182, 217 S. W. (2d) 934, the Circuit Judge held these Sections unconstitutional, and elided them. In an unpublished memorandum opinion filed March 17, 1950, this Court, through MR. JUSTICE BURNETT, affirmed that judgment.

After the bill was filed in the present case, the Defendants demurred, and when that plea was overruled, they filed an answer. The cause was heard on bill and answer and a stipulation of facts, which we have heretofore stated. The Chancellor, after delivering a careful, written opinion, entered a decree allowing the Complainant the relief sought, and the Defendants have perfected this appeal. They make numerous assignments of error, but we find that the case is decided by determination of the following questions:

(1) Did the decree of the Chancellor, by permitting the application of fees accruing after September 1, 1948, to a salary deficiency which had arisen prior to September 1, 1948, give to the Private Act, such retroactive effect as rendered the Private Act unconstitutional?

(2) Did the Chancellor err in overruling a plea of res adjudicata and holding that by the judgment in the former Circuit Court case, the Complainant was not estopped to seek a decree allowing her to apply fees accruing after September 1, 1948, to the prior deficiency?

The limit of the former decision of the Circuit Court was: (1) That the salary provisions of the Private Act were unconstitutional, but that the Doctrine of Elision saved the rest of the Act. (2) That the clerk was entitled to receive and hold, within the limitation of the Anti-Fee Bill, fees coming into her hands as such clerk, and the County should be enjoined from interference.

Not only was the bill in the Circuit Court, a bill filed for a declaratory judgment on certain specific provisions of the Private Act, and for instruction on the clerk's duties thereunder, but as a fact, at the time of the proceeding in the Circuit Court, no surplus fees had arisen, so that their existence was purely speculative. Accordingly, to ask the Circuit Judge to provide for a disposition of a surplus, would have been to ask him to provide for a contingency which might never arise. At the time of the presentation of the cause to the Circuit Judge, when no surplus fees were in existence, their disposition presented no justiciable issue. This Court has frequently said under such circumstances, no declaration will be made. *Coleman* v. *Henry,* 184 Tenn. 550, 201 S. W. (2d) 686; *Jared* v. *Fitzgerald,* 183 Tenn. 682, 195 S. W. (2d) 1; *Third Nat. Bank in Nashville* v. *Carver,* 31 Tenn. App. 520, 218 S. W. (2d) 66.

Since it was not until after the final decision in the former Circuit Court case, that Complainant knew that her salary as General Sessions Court clerk, was to be fixed by the Anti-Fee Bill, rather than by the Private Act, and further, since at the time of the filing of the

Circuit Court bill, the clerk had no way of foreseeing what the fees of her office as General Sessions Court clerk would be, the question of the application of such fees to a deficiency prior to September 1, 1948, would have been premature, and no doubt assailed as such.

■ After our former decision, the provisions of the Anti-Fee Bill and former decisions of this Court construing them, furnished the law for the accounting and salary between the clerk and the County. Code Section 10742 controls the accounting. That Section provides that (1) at the end of each month the officer (in this case the clerk) shall from the fees in his hands, or her hands, pay his or her salary and the salary of his or her deputies, and other expenses of the office. (2) At the end of each 6-months period, the officer shall render a tentative statement to the County, of the excess fees in his hands, and (3) when the several terms of office of the officer are finally ended, a permanent final settlement will be had between the County and said officer, and ''any deficiency in the salary of said officers for any year during their tenure'' will be paid to them out of the funds paid in by said officials.

It is not necessary to keep the fees intact until the expiration of the officer's final term for the purpose of making up any deficiency of salary for any year of the term, and therefore, the tentative statements made at the end of each 6-months period do not create an estoppel. *Hunter* v. *Conner,* 152 Tenn. 258, 277 S. W. 71; *Jellicorse Co.* v. *Russell,* 156 Tenn. 411, 1 S. W. (2d) 1011.

■ From the decision of this Court in the case of *Hamilton County* v. *Clark,* 165 Tenn. 292, 55 S. W. (2d) 266, two things are clear: (1) Excess fees accruing in any 6-months period may be applied to reduce any prior salary deficiency in the officer's term, and (2) the officer

need not wait until the end of his final term to apply, or have applied, excess fees to any prior deficiency.

In the Clark case, Clark had been elected clerk of the Criminal Court of Hamilton County for successive terms in 1922, 1926, and 1930. On account of a deficiency in the first two terms in 1922 and 1926, Clark had not received his full salary. In the first 6-months period of the term which commenced September 1, 1930, excess fees were sufficient to permit him to make up a part of the old deficiency. The action of the clerk in applying excess fees to the old deficiency at the end of the first 6-months period of the term which commenced September 1, 1930, was approved by this Court.

■ Furthermore, the Clark case decided that the fees available for the payment of salaries of officers under the Anti-Fee bill were all fees "collected" by such officer during his term or terms of office, *"without reference to the origin or date of creation of the fee or charge."* The necessary effect of this last holding is to decide that the Complainant, from fees or charges originating after September 1, 1948, may apply such fees or charges to deficiencies occurring prior to that date during her former term of office.

■ ■ The decree of the Chancellor does not give the Private Act any retroactive effect, since the holding of the Chancellor is that Complainant's salary is fixed by the Anti-Fee Bill, and not by the Private Act. The Private Act, after our former decision, did not affect Complainant's right to salary, nor fix its amount. The Private Act added new duties to Complainant's office and made new fees available for the payment of salary and expenses under the provisions of the Anti-Fee Bill. Under that bill, the salary of the officer is not a matter of contract between such officer and the County (*Hunter* v.

*Conner,* supra; *Carmichael* v. *Hamby,* supra), but is an incident or perquisite of office payable out of excess fees accruing at any time during the tenure of the officer, but in the maximum amount fixed by the Anti-Fee Bill.

For the reasons stated, we find no error in the Chancellor's decree, and it is in all respects, affirmed.

TOMLINSON, J., not participating.