GREGORY *v.* TROUSDALE COUNTY *et al.*

(*Nashville*, December Term, 1952.)

Opinion filed January 15, 1953.

J. C. McMURTRY, of Hartsville, and LOUIS CHAMBERS, of Lebanon, for appellant.

RUSSELL WRIGHT, of Hartsville, for appellee.

Mr. Justice Gailor delivered the opinion of the Court.

Certain aspects of this litigation have been considered by this Court at a former hearing, and as a result, the Court delivered an opinion which is published as 193 Tenn. 57, 242 S. W. (2d) 80. In that former opinion, the status of the parties and the questions involved are sufficiently stated, and there is no need to copy those details in the present opinion. The purpose of the litigation is to fix compensation of the complainant Gregory for services rendered during his terms as Circuit, Criminal, and General Sessions Court Clerk in Trousdale County.

By our former judgment, we remanded the case for determination by the Chancellor, of two questions:

(1) Whether certain Acts were or were not constitutional.

(2) A final accounting between Gregory and the county on his salary as clerk during his entire term of office.

Upon the remand, the Chancellor permitted amendment of certain pleadings by which a new issue was created which was the legality of certain resolutions of the Quarterly Court, by which the county had paid to Gregory as Circuit and Criminal Court Clerk certain compensation. The county attacks these resolutions as being illegal and beyond the jurisdiction of the Quarterly Court and Gregory defends them as being within the

authority of the Court under Code Section 10242, subsection 6.

In an able opinion in which the Private Acts were held to be unconstitutional as undertaking to amend the General Salary Law for the benefit of a particular office and individual, the Chancellor also held the resolutions of the County Court to be invalid and illegal as an undertaking by the Court to fix and pay the salary of the Circuit and Criminal Court Clerk when such salary was fixed by the General Law, Code Section 10727, subsection (c).

Both Gregory and the county were allowed to appeal from portions of the decree adverse to them, but Gregory only has perfected his appeal, and the single question that it presents is the validity of the resolutions of the Quarterly Court.

 The minutes of the Court speak for themselves, and are not, except in case of ambiguity, to be amplified or explained by extraneous evidence. *State v. True*, 116 Tenn. 294, 313, 95 S. W. 1028. Compare: *Waller v. Skelton*, 186 Tenn. 433, 444, 211 S. W. (2d) 445.

The complainant raises no question of ambiguity but insists that the resolutions passed were authorized by Code Section 10242, subsection 6, which authorizes County Courts to appropriate money ''To pay solicitors, sheriffs, and clerks for ex officio services.''

It is stipulated that the copy of the minutes showing the action of the Court on the resolutions under attack, is correct. The pertinent parts of these minutes are copied and considered in the Chancellor's opinion, as follows:

''The 1933 resolution was passed prior to complainant's tenure. The resolutions are as follows:

"July term 1933, pages 158-159:

"Question comes up as to item of salary of Circuit Court Clerk, Sheriff and Clerk and Master. Bills eliminating the salaries of the above named officials were passed on the 13th of April, 1933. The auditing Committee reported that in their estimation these officials were due salary for only 13 days in this Quarter.

"Moved by Dickerson and seconded by Pardue that chairman appoint committee of three to confer with county officials reduced to fee basis by last legislature and to report to court at one o'clock any such agreement as is reached.

"Report by committee on conference. Recommended that Sheriff be paid $200 per year, Circuit Court Clerk $420 per year and Clerk and Master $600 per year. Moved and seconded that above report be received and committee be discharged. Carried.

"Moved by Sheppard seconded by Dickerson in lieu of above that sheriff's salary be set at $600 per year and that salary in full be paid including past quarter on old basis. Roll call No. 4 Motion carried 11 to 9.

"Moved by Haynie seconded by Dickerson that Clerk and Master and Circuit Court Clerk be allowed $600 each per year as salaries.

"Roll call No. 5—Motion carried.

"Moved by Haynie and seconded by Lyles that report of Committee be adopted as amended. Carried."

"April term 1945.

"Moved by Burrow and seconded by E. Oldham that Jesse William Gregory, Circuit Court Clerk's salary be raised $25 per month, instead of $125 and giving all fees to the State and County as passed in the Legislature this time."

The reading of these resolutions makes it clear that the Court was under the impression that the repeal of the Private Acts of the Legislature by which the salary of the Clerk was fixed, left the Clerk without compensation under any statute. The repeal of the Private Acts had no such effect since they were, as we have held, unconstitutional. By its population, Trousdale County is a county of the third class, and the salary of the Criminal and Circuit Court Clerk is fixed by the anti-fee bill, Code Section 10242 et seq., at not more than $5,000 per annum. Since, therefore, the resolutions of the County Court were in conflict with the General Law, they were void and illegal.

The decree of the Chancellor is in all respects affirmed, and the cause remanded to the Chancery Court for the reference already ordered for a final accounting under Code Section 10742, stating debits and credits under Code Section 10725 et seq., the General Salary Law.

Affirmed.