# S. T. BIGGER v. ROBERTSON COUNTY, TENNESSEE, et al.—277 S. W. (2d) 454.

Middle Section. December 18, 1954.

Petition for Certiorari denied by Supreme Court, March 11, 1955.

John D. Sprouse and Harry L. Pepper, both of Springfield, for complainant.

Charles Willett and George W. Yost, both of Springfield, for defendant.

HOWELL, J.   The bill in this case was filed in the Chancery Court at Springfield, Robertson County, Tennessee, and the case was heard by consent of the parties by the Chancellor of Part II of the Chancery Court of Davidson County and a judgment rendered in favor of the complainant and against the defendant for $9,542.51 and the costs of the cause.

Robertson County has appealed to this Court and has assigned errors.

There appears to be no dispute as to the facts and it is stipulated that the amount involved is as set out above. The facts and conclusions as stated in the written opinion of the Chancellor are in part as follows:

"The complainant, S. T. Biggers, was formerly the Clerk of the General Session Court of Robertson County, as well as the Clerk of Circuit and Criminal Courts of said county. He began his clerkship September 10, 1938, and retained it until May 19, 1949, at which time he resigned to become the Clerk and Master of the Chancery Court at Springfield.

"This suit was brought by complainant against Robertson County and its fiscal agents to recover fees and emoluments of the office of Clerk of the General Session Court, alleged to be due him from the County by reason of the fact that they had erroneously been paid to said County under the belief that the Private Acts which fixed his salary were constitutional.

"Such Private Acts were held to be unconstitutional by the Supreme Court and the case applicable to Robertson County is that of Freeman v. Robertson County, 192 Tenn. 146, 237 S. W. (2d) 964.

"The only testimony in the record is that of the complainant and there is a stipulation in the cause to the effect that during the period said complainant was in office he 'had earned fees above and over the amount retained by him and/or paid to him in the way of salary or supplement by the County the sum of $9,-542.51.'

"Several of the salary cases have been before our Supreme Court and from a review of the ones cited in the briefs of counsel, this Court has reached the conclusion that the one nearest in point to the case at bar is that of Gregory v. Trousdale County, 193 Tenn. 57 [242 S. W. 2d 80].

"This case held that by reason of the salary portion of a private act pertaining to the Clerk of the General Session Court of Trousdale County, being unconstitutional, he was entitled to have a readjustment by his salary for the entire tenure of his office if there had been no final settlement between him and the County; and the Court concluded that no such settlement had been made.

"The Court did not undertake to define exactly what constituted a final settlement, but it did say the following in this connection [193 Tenn. at] pages 59-60 [242 S. W. 2d at page 81].

" 'The reason that no such final accounting has been made by Complainant is thus stated in a supplemental brief filed in his behalf: "Through error and mistake, as shown in our original brief and argument, complainant did pay to said County monthly fees, commissions and emoluments earned and collected by

him as Clerk of said Court. However, it is denied that he had ever made final settlement with either Trousdale County or with the defendant, E. J. Parker, County Judge and Fiscal Officer and agent of said County. At the time this suit was brought, a number of cases were pending on appeal in the Circuit and Criminal Courts of Trousdale County in which he had fees earned, and which will become due him upon the final disposition of said cases. Until all the fees earned by him have been collected, he cannot make a final settlement.'' '

''That the importance of the question as to whether or not a final settlement was made by the Clerk was recognized by counsel for defendant as so stated in their brief in the following language:

'' 'The case appears to involve and to turn upon the question: Did the complainant make a final settlement with the County?'

''There appears in this record as Exhibit No. 1, to the deposition of S. T. Bigger, a report made by him for the period of September 1, 1948, to May 23, 1949, (He resigned May 19, 1949) showing a balance due him of $515.43, for which amount he received the County's check, dated May 31, 1949.

''This report contains the following language:

'' 'To: Honorable Hal C. Bernard, Judge of the Robertson County Court.

'' 'In accordance with Section 10743 of the Official Code of Tennessee, the annual report of fees collected by Sam T. Bigger, Circuit Court, for the period, September 1, 1948, to May 23, 1949, is submitted herewith:'

''As before stated, the only testimony in the cause

comes from complainant. He explained his report as being only an account by him for the period covered.

"This Court is of the opinion that a final accounting would of necessity embody an accounting for all the fees over the period of his tenure of office, and that he would be required to pay the County anything found due it, and it would have to pay him anything found due by it.

"The above conclusion seems to be borne out by language in the case of Anderson v. Maury County, et al., 193 Tenn. 62, 69 [242 S. W. 2d 81, 84] as follows:

" '(4) Furthermore, the Clark case [Hamilton County v. Clark, 165 Tenn. 292, 55 S. W. 2d 266] decided that the fees available for the payment of salaries of officers under the Anti-Fee Bill were all fees "collected" by such officer during his term or terms of office, "without reference to the origin or date of creation of the fee or charge." The necessary effect of this last holding is to decide that the Complainant, from fees or charges originating after September 1, 1948, may apply such fees or charges to deficiencies occurring prior to that date during her former term of office.'

"A final settlement would have to embrace all the terms of a clerk and not just a small portion of a part of a term, as did the settlement in question.

"For the foregoing reasons, the Court has concluded that complainant is entitled to recover from Robertson County the sum of $9,542.51 (the amount stipulated to be due in the event complainant was entitled to the relief sought), and a decree will be entered accordingly."

It is insisted for the defendant that the Chancellor erred in holding that the settlement of May 23, 1949, was not

final and in allowing the settlement to be impeached for a mistake of law.

What is insisted by defendant to be a final settlement herein is the report of the complainant at the time he resigned on May 19, 1949, for the period of September 1, 1948 to the date of this report. This report is headed: "To: Honorable Hal C. Bernard, Judge of the Robertson County Court. In accordance with Section 10743 of the Official Code of Tennessee, the annual report of fees collected by Sam T. Bigger, Circuit Clerk, for the period September 1, 1948 to May 23, 1949 is submitted herewith:"

The report then shows a balance due of $515.43 which was paid.

The amount sued for was for fees earned during the Clerk's entire tenure of office to wit: From September 10, 1938 to May 23, 1949 and that said fees had been paid over to the County periodically during said period. These fees were paid to the County under the belief that the Act of the legislature of 1947, fixing the compensation of the Clerk of the General Sessions Court, was valid. This act was declared unconstitutional in that it suspended a general law by the Supreme Court in the case of Freeman v. Swan, 192 Tenn. 146, 237 S. W. (2d) 964.

The report on its face shows that it is a report of fees "collected" for a stated period and cannot be said to be a final settlement.

We find no error in the decree of the Chancellor, and the assignments of error are overruled and the decree of the Chancery Court is affirmed.

A decree will be entered here giving a judgment in favor of the complainant and against the defendant and the

sureties on the appeal bond for the sum of $9,542.51, and interest from April 22, 1954, and the costs of the cause.

Affirmed. ,

Felts, P. J., and Hickerson, J., concur.