Stockton *v.* Duncan, County Judge.

(*Nashville*, December Term, 1952.)

Opinion filed March 6, 1953.

122

WILL R. STORIE, of Jamestown, for complainant.

REAGAN, NEAL & CRAVEN, of Jamestown, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a bill for mandamus filed by the Clerk and Master of the Chancery Court of Fentress County, against the County Judge of that County, to secure payment of salary alleged to be due and owing Complainant under the provisions of Chapter 263, Public Acts of 1951, Williams' Code, Sup. for 1952, sec. 10727.5.

Among other provisions, the Act of 1951 undertakes to insure a minimum annual salary for certain county officers in smaller counties, of $2400, by providing that they shall receive the fees collected in their respective offices, and that the county shall pay the balance to make up annual compensation of $2400, if fees collected do not aggregate that amount in any year. Here, it is admitted that this Act affects the salary of the Clerk and Master of Fentress County, and that the Act is valid and constitutional. In a recent case, this Court held that the final sentence of the Act should be elided, and that the rest of the Act was valid and constitutional. *Hobbs* v. *Lawrence County*, 193 Tenn. 608, 247 S. W. (2d) 73. In the present case, the controversy is over the application of the following sentence of Section 1 of the Act, to the compensation of the Complainant, under the pertinent provisions of the Anti-Fee Bill, Code Sec. 10725 et seq.:

"However, in case the total fees collected by such officials do not amount to the minimum salary required, then the remainder of such minimum salary shall be paid out of the general funds of the county."

The Act became effective upon its approval by the Governor on March 16, 1951, and led to the following specific questions which are presented on this appeal:

(1) Does the phrase "total fees collected", as used in the foregoing quotation mean total fees collected

after March 16, 1951, or as the Chancellor held, total fees *earned* and collected after that date? We hold that the Chancellor erred in limiting the language to fees earned, and that the phrase as it should be construed in applying the Anti-Fee Bill, has already been construed by this Court, to include all fees collected. In *Hamilton County* v. *Clark*, 165 Tenn. 292, at page 294, 55 S. W. (2d) 266, this Court held:

> "* * * the term 'collect' is invariably used, evidently without reference to the origin or date of creation of the fee or charge."

It results that in the calculation of the minimum salary of $2400 per year, the county is entitled to credit for all fees collected by the officer without regard to whether such fees were earned prior to, or after March 16, 1951.

█ The second question presented by the appeal is whether the minimum salary of $2400 is to be computed upon a calendar or "fiscal" year. Since we have held that Chapter 263, Public Acts of 1951, is an amendment of certain sections of the Anti-Fee Bill, *Hobbs* v. *Lawrence County,* supra, it is necessary to construe Chapter 263, Public Acts of 1951, in pari materia with the Anti-Fee Bill and previous constructions of that Act by this Court.

█ Although the office of Clerk and Master is an appointed, and not an elected official, and his term is different from the terms of other elected county officers affected by the Anti-Fee Bill, that Act makes no distinction between the times that the Clerk and Master shall make his reports and account with the County Judge or Chairman, and the times when the other officers of the county do so. The necessary reports and settlements of the Clerk and Master, as well as of the other officers, are set out in Code Sec. 10729, which requires a monthly statement to the County Judge or Chairman, of fees collected, and a

semiannual payment to the county on September 1 and April 1, of the excess fees due the county for the preceding six-month period.

The salary year, and in that sense, the ''fiscal year,'' of county officers, is from September 1 to August 31, of each year, and since the Act of 1951 was passed to fix the compensation, not only of Clerk and Masters, but also of other elected county officers who come under the provisions of the Anti-Fee Bill, it must be construed accordingly.

■ The Act of 1951 is to be construed as insuring that the county officers affected by the Act shall, after the effective date of the Act, receive the minimum salaries specified for each year of their terms of office, such years commencing on September 1. Applying these principles to the present case, the Act went into effect March 16, 1951, and the Complainant, on April 1, 1951, was required by Code Sec. 10729, to make a settlement with the county and pay over excess fees collected since September 1950. If fees collected by Complainant for the 15 days from March 16, to April 1st, did not amount to $100, the county will pay the difference between the amount of fees collected in that 15 days, and $100. On September 1, 1951, and thereafter, at the end of each six months of Complainant's term, on April 1, and September 1, Code Sec. 10729, Complainant will settle with the county and the county will pay the Complainant the difference between the fees collected and $1200, being the minimum compensation for 6 months, fixed by the Act of 1951.

■ The case is remanded to the Chancery Court for entry of a decree modified in accordance with this opinion, and since clarification of the issues was manifestly

in the public interest, the Defendant will pay the costs out of the county revenue.

TOMLINSON, Justice, not participating.