# MacMATH, ADMINISTRATRIX OF MacMATH, *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 79.    Argued November 22, 1918.—Decided December 9, 1918.

Revised Statutes, § 2621, authorizes Collectors to employ, with the approval of the Secretary of the Treasury, weighers at the several ports, and does not prescribe their number; the Act of July 26, 1866, c. 269, § 3, 14 Stat. 289, fixes their salaries at $2,500; Rev. Stats., § 2634, authorizes the Secretary to fix the number and compensation of clerks to be employed by any Collector.   M received successive appointments as clerk "to act as acting U. S. weigher," at compensations less than $2,500 per annum, and took oath as such.  *Held,* that the fact that he was assigned, and performed, the duties of weigher did not place him in that office and entitle him to its salary.
51 Ct. Clms. 356, affirmed.

THE case is stated in the opinion.

*Mr. William E. Russell*, with whom *Mr. Seward G. Spoor, Mr. Louis T. Michener* and *Mr. Perry G. Michener* were on the briefs, for appellant.

*Mr. Assistant Attorney General Thompson*, for the United States, submitted.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

When an office with a fixed salary has been created by statute, and a person duly appointed to it has qualified and entered upon the discharge of his duties, he is entitled, during his incumbency, to be paid the salary prescribed by statute; and effect will not be given to any attempt to deprive him of the right thereto, whether it be by unauthorized agreement, by condition, or otherwise. *United States* v. *Andrews,* 240 U. S. 90; *Glavey* v. *United States,* 182 U. S. 595.

Section 3 of the Act of July 26, 1866, c. 269, 14 Stat. 289, provides, that weighers at the port of New York shall receive an annual salary of $2,500. Section 2621 of the Revised Statutes authorizes collectors to employ, with the approval of the Secretary of the Treasury, weighers at the several ports; and it does not prescribe their number. Section 2634 authorizes the Secretary of the Treasury to fix the number and compensation of clerks to be employed by any collector. The statutes appear to have made no specific provision for the appointment of assistant or acting United States weighers. On May 12, 1909, plaintiff's intestate (who had been appointed on August 1, 1896, "assistant weigher of customs" at a salary, "when employed," of $3 per diem and had later received a like appointment at $4 per diem) was appointed by the collector "clerk, class 3, new office, to act as acting U. S. weigher" with compensation at the rate

of $1,600 per annum.  On August 18, 1911, he received
a like appointment as clerk, class 4, at the rate of $1,800
per annum.  He continued to perform the duties assigned
and was paid the salary named until his death, October 8,
1913.  In February, 1915, his administratrix filed with
the Auditor of the Treasury a claim for salary of her
intestate as "United States weigher of customs" at the
rate of $2,500 per annum, from May 12, 1909, to and in-
cluding October 7, 1913.  Upon disallowance of the claim
she brought this suit in the Court of Claims for the
amount, namely, $11,013.89.  The court found for the
defendant and entered judgment dismissing the petition.
The case comes here on appeal.

There is a fundamental objection to the allowance of
the claim or any part thereof.  MacMath was never
appointed weigher and never held office as such.  His only
appointment was that of clerk; his oath of office being
as "clerk and acting U. S. weigher, class 3."  The Sec-
retary of the Treasury clearly had the right to create
and the collector to make appointment to the position
of clerk and to designate duties of the appointee.  The
fact that the incumbent performed also some or all the
duties of a weigher does not operate to promote him
automatically to the statutory office of weigher.  And the
fact that his appointment as clerk in 1909 was made as a
part of a reorganization of the service, whereby four of
the five positions of United States weigher were abolished,
is immaterial; except as showing even more clearly that
it was the intention not to appoint him weigher.  No con-
tention is, or could successfully be, made that the weighing
should be paid for as an extra service, even if it was not a
duty attaching to his position as clerk.  See *United States
v. Garlinger*, 169 U. S. 316.

We have, therefore, no occasion to consider whether
effect should be given to the agreement by the intestate
not to make claim to compensation as acting weigher, or

to his acceptance of the lower compensation without protest during the entire term of his service; nor need we consider the effect of § 2 of the Act of July 31, 1894, c. 174, 28 Stat. 162, 205, which provides that "no person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars shall be appointed to or hold any other office to which compensation is attached unless specially heretofore or hereafter specially authorized thereto by law."

The judgment of the Court of Claims is

*Affirmed.*