## DISTRICT OF COLUMBIA v. SMITH.

### No. 6087.

United States Court of Appeals for the District of Columbia.

Argued March 8, 1934.

Decided July 30, 1934.

W. W. Bride, Corp. Counsel, F. H. Stephens, and Thos. G. Walsh, Asst. Corp. Counsel, all of Washington, D. C., for plaintiff in error.

James P. Donovan, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This case calls for a review of a judgment of the Municipal Court of the District of Columbia relating to the salary payable to a private in the fire department of the District under the Act of July 1, 1930, entitled "An Act to fix the salaries of officers and members of the Metropolitan police force and the fire department of the District of Columbia" (46 Stat. 839).

It is provided among other things by the act that: "The annual basic salaries of the officers and members of the fire department of the District of Columbia shall be as follows: * * * Privates, a basic salary of $1,900 per year, with an annual increase of $100 in salary for five years, or until a maximum salary of $2,400 is reached. All original appointments of privates shall be made at the basic salary of $1,900 per year, and the first year of service shall be probationary." Section 2 (D. C. Code Supp. I, 1933, T. 20, § 616).

It appears in the present case that Warren W. Smith, the plaintiff below, was appointed as a private in the fire department of the District on December 20, 1924, and served as such until October 1931, when he resigned. At the time of his resignation he was receiving a salary of $2,300 a year from $1,900 basic salary and $400 annual automatic increases under the statute.

Afterwards on January 5, 1932, he was reappointed by the Commissioners as a private in the service. The Commissioners made this appointment as an original appointment under the statute at the basic salary of $1,900 per annum. Smith accepted the appointment but claimed that under the terms of the statute such a reappointment necessarily entitled him to receive a salary of $2,300 a year, being the amount which he was receiving when he resigned.

Smith entered suit in the municipal court against the District of Columbia for the difference between the salary as claimed by him and that allowed by the Commissioners. The case was considered by the court upon the particulars of demand and the District's demurrer thereto. The court overruled the demurrer and granted judgment to the claimant in the sum of $422.26 with interest. This judgment is now before us for review.

In our opinion the second appointment of Smith as a private in the service should be considered as an original appointment under the terms of the act and entitled him to a salary of $1,900 a year for the first year's service under such appointment with the right to automatic increases of $100 per year according to the provisions of the act. The statute itself contains no language which distinguishes between appointments and original appointments, nor does it provide that the automatic increases earned by a private under a first appointment shall inure to his benefit after he has separated himself from the service for an indeterminate period and is then reappointed.

The automatic annual increases in the pay of privates commencing with the first year of their service were evidently designed to encourage the appointee to remain continuously in the service in order to acquire greater knowledge, skill, and reliability by experience. It was not the congressional purpose to establish a promotion which might be available to the appointee if he retired from the service, and for an indefinite period remained entirely out of it, but later returned to it. It seems obvious that in such case the returning fireman should be considered as entering upon a new term and be entitled only to the automatic increases thereafter accruing to him under the act.

In the report of the Committee on the District of Columbia to the Senate of the United States (No. 23, 71st Cong., 2d Sess.), it is said in relation to the services of privates in both the police and fire departments: "It is obvious that the entrance salary should be sufficient to attract young men of high character, who will enter the service with the object in view of making for themselves a career, and it is equally obvious that the maximum salary provided for privates after the lapse of a period of years should be sufficient to constitute an ever present incentive to the young officer to conduct himself in such a manner as to compel the respect of the public and to warrant the full confidence of his superiors to the end that he may attain the maximum salary grade provided for that rank. That being accepted as a fundamental, it naturally follows that the salaries provided for officers of the higher ranks should be scientifically graded so as to constitute a sure incentive to all members of the force to strive for promotion and those higher grades."

This language indicates that the service for which the annual increases were provided was intended to be continuous and immediately preceding the increase, and is not to be considered as a credit to be retained by the fireman in case of his reinstatement in the service after his resignation followed by a period of separation therefrom.

It is provided by section 5 of the act (D. C. Code Supp. I, 1933, T. 20, § 582a): "* * * There shall be deducted for the benefit of the policemen and firemen's relief fund 3½ per centum of the monthly pay of each member. * * * Upon the separation from the service of any such member * * * he shall be refunded the deductions made from his salary for said fund, and should any such member subsequently be reappointed to any of such police forces or the fire department he shall be required to redeposit to the credit of the policemen and firemen's fund the amount of deductions refunded to him." It is argued that inasmuch as the fireman is thus required to redeposit to the credit of the fund the amount which was refunded to him upon his retirement, his second appointment is to be regarded as a continuation or restoration of his first appointment under section 2 of the act (D. C. Code Supp. I, 1933, T. 20, § 616). This argument seems to us to be untenable for the reason that in computing the period of service required of the fireman in order to qualify him for retirement the period preceding his resignation is included. There is no inequity therefore in requiring a member returning to the force to restore that which he had withdrawn for he receives the

same consideration thereafter as if he had not retired.

In Decisions of the Comptroller General of the United States, vol. 10, p. 545, appears a discussion of this subject in the case of James A. Flynn arising under the statute involved in the present case, decided June 17, 1931, in which the Comptroller General reviews the decisions of his office extending back for a number of years and says: "In decisions construing statutes providing for automatic promotion of personnel annually, and requiring that original or new appointments shall be made at the basic or minimum automatic salary rate, this office has held consistently that reinstatements were to be considered as original or new appointments and, therefore, that only the minimum salary rate was payable initially upon reinstatement." This long-continued line of decisions by the Comptroller General is entitled to great weight in the judicial consideration of the subject.

A question may arise whether the Commissioners in the exercise of their discretionary powers possess the authority to make an exception to the rule in the case of reappointments and to grant a member thus reappointed a higher salary than the basic salary provided by law. That question is not involved in this case, inasmuch as this appointment was specified by the Commissioners as carrying only the basic salary of $1,900 per annum. The present question is whether in such a case the Commissioners possess the authority to make the reappointment at the basic rate of salary.

It is contended by the defendant in error that the present case falls within the rule in MacMath v. United States, 248 U. S. 151, 39 S. Ct. 31, 32, 63 L. Ed. 177, stated as follows: "When an office with a fixed salary has been created by statute, and a person duly appointed to it has qualified and entered upon the discharge of his duties, he is entitled during his incumbency to be paid the salary prescribed by statute; and effect will not be given to any attempt to deprive him of the right thereto, whether it be by unauthorized agreement, by condition, or otherwise."

This case does not fall within the foregoing description, inasmuch as the "fixed salary" in the present case is $1,900 a year and the appointment was made upon that basis.

Therefore, the judgment of the Municipal Court is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.