January 27, 1977

## 78-72   MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE PRESIDENT

### The White House Office—Acceptance of Voluntary Service (31 U.S.C. § 665(b))

This is in response to your oral request for our views regarding the propriety of the acceptance of voluntary service in the White House. We understand that your immediate concern is with the receipt of such assistance in the processing of the many resumes and applications for employment now being received by the White House. But we also understand that the White House has utilized voluntary secretarial and clerical services in the past on an ongoing basis and that there is interest in continuing this practice if it is lawful. It is our opinion that the practice is lawful.

> No officer or employee of the United States shall accept voluntary service for the United States or employ personal service in excess of that authorized by law, except in cases of emergency involving the safety of human life or the protection of property.

On its face, this statute appears to prohibit the acceptance of the kind of voluntary services you have described. However, a 1913 opinion of the Attorney General construing this provision concluded:

> [I]t seems plain that the words "voluntary service" were not intended to be synonymous with "gratuitous service" and were not intended to cover services rendered in an official capacity under regular appointment to an office *otherwise permitted by law to be nonsalaried.* In their ordinary and normal meaning these words refer to service intruded by a private person as a "volunteer" and not rendered pursuant to any prior contract or obligation. 30 Op. A.G. 51, 52. [Emphasis added.]

*See also, J. Weinstein, A Part-Time Clerkship Program in Federal Courts for Law Students,* 68 F.R.D. 265, 269-73 (1975). Thus, 31 U.S.C. § 665(b) does not prohibit a person from serving without compensation in a position that is "otherwise permitted by law to be nonsalaried."

When Congress has established a minimum salary for a position, either directly or by including it under the General Schedule or some comparable

salary schedule, it is unlawful for the employing agency to pay less than the established salary. *See, e.g., Glavey* v. *United States,* 182 U.S. 595 (1901); *MacMath* v. *United States,* 248 U.S. 151 (1918); *Saltzman* v. *United States,* 161 Ct. Cl. 634, 639 (1963); 26 Comp. Gen. 956 (1947); *Federal Personnel Manual,* Chapter 311, Subchapter 1-4.d. Work of a secretarial or clerical nature is generally covered by the Classification Act, which establishes the rates of pay for civil service positions, and there is no express exception in that Act for positions in the White House. *See* 5 U.S.C. § 5102. Also, under the Fair Labor Standards Act, which was made applicable to the Federal Government in 1974, *see* 29 U.S.C. §§ 203(d) and (e)(2) (1975 Supp.), it is unlawful to pay less than the minimum wage to an employee of the United States Government. 29 U.S.C. § 206.

However, we do not believe that these restrictions are applicable here. Of the $16,530,000 appropriated to the White House Office under the Executive Office Appropriations Act of 1977, 90 Stat. 966, not to exceed $3,850,000 is appropriated

> . . . for services as authorized by 5 U.S.C. 3109, at such per diem rates for individuals as the President may specify and *other personal services without regard to the provisions of law regulating the employment and compensation of persons in the Government service.* . . . [Emphasis added.]

We interpret the underscored language to be an express exception to the Fair Labor Standards Act and to provide that the salary requirements of the Classification Act are inapplicable to positions covered by this portion of the appropriation to the White House Office.\* Since Congress has mandated no minimum salary for these positions, it is our view that positions covered by this appropriation may carry a nominal compensation or no compensation at all.

To insure technical compliance with the law, we suggest that the White House administratively allocate the positions for which voluntary services will be accepted to the $3,850,000 portion of the appropriation for the White House Office. Also, because of the emphasis in the above passage from the Attorney General's opinion quoted above on a prior agreement between the United States and the employee that the employee will serve without compensation, *see also* 7 Comp. Gen. 810, 811 (1928), we suggest that papers relating to the appointment or employment of persons whose services will be voluntary expressly provide that they will serve without compensation.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

\*Even if the Fair Labor Standards Act were thought to be applicable despite the language in the appropriation for the White House Office quoted in the text, that Act has been construed not to require a person to be paid where it is clear he has donated his services as a volunteer without any expectation of compensation. *See, Rogers* v. *Schenkel,* 162 F. (2d) 596 (2d Cir. 1947); *cf., Walling* v. *Portland Terminal Co.,* 330 U.S. 148, 152 (1947).