February 7, 1979

## 79-12    MEMORANDUM OPINION FOR THE SPECIAL COUNSEL, MERIT SYSTEMS PROTECTION BOARD

### Employment of Temporary or Intermittent Attorneys and Investigators—5 U.S.C. § 3109; 31 U.S.C. §§ 665(b), 686(a)—Office of the Special Counsel, Merit Systems Protection Board

This responds to your request for our views on whether your desire to employ temporary or intermittent attorneys and investigators to investigate and assist in the processing of your cases is consistent with relevant law and ethical considerations.[1]

It is our understanding that you want to appoint both employees detailed from other Federal agencies and individuals from the private sector. They will serve under your supervision on a part-time basis not to exceed 6 months. These employees will be appointed when you have a backlog of work and will perform the same functions as permanent employees of your Office; in particular, they will screen cases and interview witnesses.

### I.

Temporary or intermittent experts and consultants may be retained by agencies when authorized by an appropriation or other statute. 5 U.S.C. § 3109. Although your appropriation act authorizes you to employ experts and consultants, 93 Stat. 572, in our view, this appropriation may not be used to hire employees to perform the same functions as are performed by regular employees in your Office. Subchapter 1-2 of the *Federal Personnel Manual*, Chapter 304, provides a definition of consultant and expert. A consultant who is excepted from the competitive service is "a person who

---

[1] We have been told that you are no longer interested in employing such persons to train your permanent staff or to assist in the development of a computer-based information retrieval system.

serves as an advisor to an officer or instrumentality of the Government, as distinguished from an officer or employee who carries out the agency's duties and responsibilities." A consultant position is defined as "a position requiring the performance of purely advisory or consultant services, not including performance of operating functions." The definition of expert is somewhat broader but, in our view, does not provide a basis for the plan you contemplate. The *Federal Personnel Manual* describes an expert as "a person with excellent qualifications and a high degree of attainment in a professional * * * field. His knowledge and mastery of the principles, practices, problems, methods, and techniques of his field of activity, or of a specialized area in a field, are clearly superior to those usually possessed by ordinarily competent persons in that activity." An expert position is one that "for satisfactory performance, requires the services of an expert in the particular field * * * and with duties that cannot be performed satisfactorily by someone not an expert in that field." Thus, although your appropriation for temporary experts could most likely be used to hire particularly qualified attorneys or investigators to work on unusually difficult matters, we do not understand this to be your current plan. Nor do we believe that short-term employees hired to perform work exactly like that of your regular staff can properly be considered experts.

## II.

Since we believe that the temporary agency and private sector employees you want to appoint cannot be considered experts or consultants under the plan you contemplate, the question arises whether there is any other statutory authorization for hiring them outside the competitive service.

### Employees from Other Federal Agencies

Section 686(a) of title 31, United States Code, authorizes purchase of services by one Federal Government entity from another Federal Government entity. This statute states:

Any executive department or independent establishment of the Government, or any bureau or office thereof, if funds are available therefor and if it is determined by the head of such executive department, establishment, bureau, or office to be in the interest of the Government so to do, may place orders with any other such department, establishment, bureau, or office for * * * services, of any kind that such requisitioned Federal agency may be in a position to supply or equipped to render, and shall pay promptly by check to such Federal agency as may be requisitioned * * * all or part of the estimated or actual cost thereof * * *.

We read § 686(a) as allowing you to request the services of attorneys and investigators employed in another Federal Government entity that has authority to conduct activities similar to those the employees will be

pursuing for you. In our view, two prerequisites to your use of funds to reimburse the transferor agency are that the funds were appropriated for the type of work you will have the detailed attorneys and investigators perform for you,[2] and that you provide an adequate rationale why the responsibilities cannot be satisfactorily performed by your own staff or by using the funds to increase your agency's staff. This second requirement would be met if you can make a showing that Government efficiency is best served by bringing into your Agency on a temporary basis employees who have gained experience in the kind of work to be performed while working for other agencies rather than hiring your own new employees and having to train them for a job that will last at most six months.

### Employees from the Private Sector

You also propose to accept the gratuitous services of attorneys and investigators from the private sector.[3] The acceptance of voluntary services is prohibited by 31 U.S.C. § 665(b), which states that:

> No officer or employee of the United States shall accept voluntary service for the United States or employ personal service in excess of that authorized by law * * *.

This has been interpreted by the Attorney General to prohibit a contract for services for which no payment is required, but that the prohibition on acceptance of voluntary services was not intended to cover services rendered gratuitously in an official capacity under a regular appointment to a position otherwise permitted by law to be nonsalaried. 30 Op. Att'y Gen. 51 (1913). *See also* subchapter 1-4.d of *Federal Personnel Manual*, Chapter 311.

Subchapter 1-4 of Chapter 311 defines gratuitous service as that offered and accepted without pay under an appointment for duties the pay for which has not been established by law. If Congress has fixed a minimum salary for a position, an individual cannot waive that salary. *Glavey* v. *United States,* 182 U.S. 595 (1901). *Cf., MacMath* v. *United States,* 248 U.S. 151 (1918). You are in a better position than we to determine as a factual matter whether the attorneys and investigators you hope to hire from the private sector will be filling jobs for which a minimum salary has been fixed by law. Even if such a minimum salary is set, this element of the definition of gratuitous service could be interpreted to mean that if the Government is to pay anything more than a nominal sum, the minimum salary established by law must be paid, but that "a position for which no minimum salary is set by law" includes all those positions for which no

---

[2] Money appropriated for the hiring of attorneys and investigators to perform the tasks you intend to have the detailed employees perform may be used only for the purposes for which they are appropriated, 31 U.S.C. § 628, but these funds are available to pay either employees of your own or those detailed from another agency.

[3] We leave aside for the moment the question of whether you can pay each private sector employee a nominal sum, not to exceed $100, for all services rendered by the participant during the 6 months of the program.

salary or a nominal salary is paid. Section 5102(c)(13) of title 5, United States Code, states that Chapter 51 of title 5 providing for the classification of pay and allowances does not apply to employees who serve without pay or at nominal rates of pay.

We conclude, therefore, that you can appoint attorneys and investigators from the private sector and that you can pay a nominal sum such as you propose to those providing the gratuitous service. We do not think as stated above, that your appropriation for hiring temporary consultants or experts can be used to provide these funds and thus you will have to be able to justify the appointment and expenditure under 5 U.S.C. 1206(j), authorizing you to appoint the legal, administrative and support personnel necessary to perform the functions of your office, and as an expense necessary thereto under your recent appropriation act.

## III.

Finally, we consider whether the plan you propose is consistent with relevant conflict of interest laws. This advice is necessarily general and does not preclude the need for careful consideration of particular factual circumstances.

The employees whose services you obtain from other Federal agencies will continue to be subject to the conflict of interest restrictions for regular Government employees. Your proposed plan raises no unusual questions as to those employees and therefore we see no need to discuss the requirements in detail.

Those appointed from the private sector will be subject to the same requirements as regular Government employees, but they may be made subject to the less stringent conflict of interest requirements for special Government employees if you decide in advance to appoint them to serve less than 130 days in any 365-day period. 18 U.S.C. 202(a) defines "special government employee" as "an officer or employee of the executive or legislative branch of the United States Government, of any independent agency of the United States * * * who is retained, designated, appointed, or employed to perform, with or without compensation, for not to exceed one hundred and thirty days during any period of three hundred and sixty-five consecutive days, temporary duties either on a full-time or intermittent basis * * *." In estimating in advance of appointment the number of days an employee may serve, a department must in good faith find that the special Government employee will serve no more than 130 days; a part of a day must be counted as a full day, and a Saturday, Sunday, or holiday on which duties are to be performed must be counted equally with a regular work day. Federal Personnel Manual, Ch. 735, Appendix C. If an employee does, however, serve for more than the 130 days, he or she will nevertheless continue to be regarded as a special Government employee so long as the original estimate was made in good faith. *Id.* Once an employee is appointed as a special Government employee, the restrictions imposed by the

conflict of interest laws apply even on days the employee does not serve the Government. *Id.*

## Compensation

Sections 203 and 209 of title 18 limit compensation employees may receive in addition to their Government salary. The restrictions of 18 U.S.C. 209 on the receipt of "salary, or any contribution to or supplementation of salary" as compensation for services as an employee of the United States from any source other than the Government of the United States is expressly not applicable to special Government employees. 18 U.S.C. 209(c). The restrictions found in 18 U.S.C. 203(a) on receipt of outside compensation when one is serving as an officer or employee of the United States in relation to any matter in which the United States is a party or has a direct and substantial interest before any department, agency, or civil commission, applies to special Government employees only in relation to a particular matter involving a specific party or parties in which the employee has at any time participated personally and substantially as a Government employee or as a special Government employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation or otherwise, or which is pending in the department or agency of the Government in which he or she is serving.[4] Furthermore, § 203 applies to matters pending in the department only when a special Government employee has served in the department for at least 61 days during the immediately preceding 365 days. 18 U.S.C. 203(c).

If you do not hire private employees as special Government employees, they will be subject, as are the regular Government employees whose services you might utilize, to the restrictions of § 203. But even if the private employees were hired for more than 130 days and thus could not qualify as special Government employees, if they serve without compensation, they nevertheless will not be subject to § 209. 18 U.S.C. 209(c).

If the employees from the private sector are regular employees and are paid by the Government, § 209 requires that their private sector compensation be reviewed to ensure that it does not include payment for Government work and to reflect their more limited participation in the private firm's business. To satisfy § 203, these employees' salaries will have to be further reviewed, if necessary, to ensure that they do not share fees for representational services performed by another as outlined above.[5]

---

[4] Section 203 applies as well to receipt of compensation by an employee for services rendered by another, such as a law partner.
[5] The restrictions of § 209 do not prohibit continued participation by employees in *bona fide* pension, retirement, group life, health or accident insurance, profit-sharing, stock bonus, or other employee welfare or benefit plans maintained by a private employer. 18 U.S.C. 209(b).

## Representation Restrictions

Regular Government employees must refrain from acting as agents or attorneys for anyone before any department, agency, court, court-martial, or officer, or any civil, military, or naval commission in connection with any particular matter in which the United States is a party or has a direct and substantial interest. 18 U.S.C. § 205. This section restricts special Government employees in more limited fashion; such an employee may not act as attorney or agent in relation to any particular matter involving a specific party or parties in which that employee has at any time participated in the course of his or her Government service, or, if the employee has served at least 61 days, any matter which is pending in the department in which he or she is serving. A special Government employee is not otherwise barred from acting as an attorney in court proceedings or in proceedings before other agencies.

Section 208 of title 18 requires an officer or employee (including a special Government employee) to disqualify himself or herself from participating in decisions with regard to particular matters where he or she, a spouse, minor child, partner, organization in which the employee is serving as officer, director, trustee, partner or employee, or any person or organization with whom he or she is negotiating or has any arrangement concerning prospective employment, has a financial interest. A waiver is available under certain conditions, 18 U.S.C. § 208(b), and as with the applicability of all of the conflict of interest sections discussed in this memorandum, a careful examination of the particular facts would have to be made in each individual case.

## Postemployment Restrictions

Section 207 of title 18 was amended by the Ethics in Government Act of 1978 to require that regular employees and special Government employees be permanently barred from acting as attorney or agent or otherwise representing any person other than the United States in making any communication, with intent to influence, or in making any informal or formal appearance before any department, agency, commission, or court in relation to any particular matter in which the United States or the District of Columbia is a party or has a direct and substantial interest and in which the employee participated personally and substantially.[6] The employee will also be prohibited for 2 years from acting as agent or attorney in similar circumstances with regard to matters under his or her official responsibility, but in all likelihood the realm of official responsibility

---

[6] We assume that the employees you are considering hiring will not be among those designated for more stringent coverage under § 207(d).

of the employees you would have would be no broader than the matters in which they participated personally and substantially.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*