CLAY COUNTY et al.,

*v.*

JOHN T. STONE, Circuit Court Clerk.

(*Nashville*, December Term, 1960.)

Opinion filed March 10, 1961.

(1)

E. A. LANGFORD and ELMER DEAN LANGFORD, Cookeville, for plaintiff in error.

WM. RUSSELL WRIGHT, Hartsville, amicus curiae.

KARL E. MONROE and J. H. RENEAU, JR., Celina, for defendant in error.

Mr. Justice Burnett, delivered the opinion of the Court.

The Clerk of the Circuit Court of Clay County, defendant in error, filed a suit in the Circuit Court of that County under the Declaratory Judgment Act asking the court for the construction of Chapter 24 of Title 8 of Tennessee Code Annotated insoar as it applied to the compensation of Clerks of the courts. He alleged among other things that he held the office of Clerk of the Circuit and Criminal Courts of Clay County and was also Clerk of the General Sessions Court of that County. He further alleged that the fees he received as Circuit and Criminal Court Clerk did not amount to the minimum to which he was entitled under Section 8-2405, T.C.A.

Plaintiff (defendant in error here) was likewise Clerk of the General Sessions Court of the County, said court having been created by the Private Acts of 1949, Chapter 285. In the present lawsuit the Clerk sought to have the county pay him the difference between the fees he collected in the Circuit and Criminal Courts without taking into consideration the fees that he had collected as Clerk of the General Sessions Court. The position of the County was in their response, both by demurrer and answer, that the Clerk should account for all fees of the Circuit, Criminal and Sessions Courts before he was entitled to ask the County to make up his minimum salary as allowed by statute (8-2405, T.C.A.) The trial judge rendered judgment against the County in favor of this Clerk, and the effect of his holding is that the Clerk did

not have to account in arriving at his minimum salary for the fees that he earned as Clerk of the Sessions Court. This ruling of the trial judge has been seasonably appealed, and in addition to briefs and assignments filed on behalf of the County, a brief and an assignment has likewise been filed by an amicus curiae, taking the position that before the County is liable for the minimum fees, all fees derived from the three Clerks' places must be taken into consideration. We have carefully read the record, the briefs and made an independent investigation, and now have the matter for our determination.

Section 14, Chapter 285, of the Private Acts of 1949, creating the General Sessions Court of Clay County provided that the Clerk of the Circuit and Criminal Courts of that County should be Clerk of the Sessions Court and for that service should be paid $600 per annum. In a proceeding instituted long prior to the instant case, and in the Chancery Court of Clay County, the Chancellor held this Section of the Private Act unconstitutional under the authority of *Carmichael v. Hamby,* 188 Tenn. 182, 217 S.W.2d 934, and under proper authority had elided that Section from the Act. Since that action the Clerk of the Circuit and Criminal Courts had likewise been acting as Clerk of the General Sessions Court. This holding of the Chancellor is conceded in the action here brought, but apparently it was the theory of the Clerk herein in bringing this action that since the Legislature had enacted Chapter 109 of the Public Acts of 1959, providing for General Sessions Courts in the great majority of the counties of the State, that he was entitled to the fees of the Sessions Court over and above those that he received for acting as Clerk of the Criminal and Circuit Courts and that no accounting thereof should be made in figuring

these fees. Section 16 of Chapter 109 of the Public Acts of 1959 provides that the Clerk of the Circuit Court shall act as Clerk of the Sessions Court and shall receive compensation as provided under Section 8-2403, T.C.A., which is one of the Sections of the Anti-Fee Bill. This Section fixes the maximum fees that Clerks of different courts can get in various counties depending on their size. This Section of the Public Act here under consideration (Chapter 109, Public Acts of 1959) among other things provides that:

"The fees, commissions and emoluments of said clerk of the Court of General Sessions shall constitute part of the fees, commissions and emoluments of the office of the clerk of the Circuit Court. The clerk shall receive such additional amount for his services as clerk of the Court of General Sessions as may be fixed by any Private Act now in effect or hereafter enacted affecting such county."

There have been a number of cases brought to this Court which involve directly or incidentally the question of whether or not the Clerk of the General Sessions Court under these Private Acts is entitled to be paid the fees of the Sessions Court over and above the fees that he is entitled to under the Anti-Fee Bill which involves most of the Sections under Chapter 24 of the Code of Tennessee here under discussion. In each of these cases it has been uniformly held that such a provision in these Private Acts was unconstitutional. See *Carmichael v. Hamby,* supra; *Freeman v. Swan,* 192 Tenn. 146, 237 S.W.2d 964; *Anderson v. Maury County,* 193 Tenn. 62, 242 S.W.2d 81; and others that could be cited. In all of these cases and those referring thereto it has been the holding of the Court, particularly in the Anderson case last above cited,

that the fees received by the Clerk of the Circuit or Criminal Court while likewise acting as Clerk of the General Sessions Court might be used and taken into consideration by the Clerk of the Circuit or Criminal Court or the two combined in arriving at his maximum salary as fixed by Section 8-2403, T.C.A. The basic reason back of these holdings, that the allowance made in these Private Acts for Clerks over and above the fees that they would otherwise earn was unconstitutional, was because those counties were, so to speak, put in a class by themselves and this would make the fees allowed under the Anti-Fee Bill, Section 8-2403 et seq., uneven in other counties. In other words the Anti-Fee Bill, Section 8-2403, provides for uniform salaries for various county employees based on a scale depending on the size of the county, including certain counties within certain population classifications thus making them uniform.

The present suit has a different aspect from those other suits because it is based primarily on Section 8-2405, T.C.A., which contains the requirement that the different clerks, depending upon their classification, receive minimum fees for their services and if they do not earn the minimum from the fees collected these will be supplemented from the treasury of the county. *Union County, Tenn. v. Sexton,* 197 Tenn. 515, 276 S.W.2d 6, deals with this question of minimum fees and other questions. This Section (8-2405) is now, as subsequently amended, carried in the Cumulative Supplement to the Code. Clay County comes in classification (g) and under it the Clerk here is entitled to a minimum of $2,400 a year. Is it necessary for the Clerk to take into consideration the fees received while acting as Clerk of the General Sessions Court in determining whether or not this minimum is arrived at?

■ The Anti-Fee Bill, Code 8-2201 et seq., including the Code Sections hereinbefore referred to, is a general law of the State. By the Anti-Fee Bill ''The legislators, in the exercise of their governmental power, transferred the fees of all county officers to the county treasury, and substituted as compensation a maximum salary, determined by the population standard, commensurate with responsibility and service, provided that the salary should be derived from fees paid into the office, and should not exceed in any event the aggregate earned by the office.'' *Hunter v. Conner*, 152 Tenn. 258, 272, 277 S.W. 71, 75. When any statute is passed conferring special benefits on any individual officer, who has been elected pursuant to the statutes and such statute confers special benefits on this individual contrary to the general Anti-Fee statute and suspends this law for the benefit of an individual, it is unconstitutional. All of these officers have been set out according to a number classification and one should not receive more than the other.

■ Section 8-2411, T.C.A., is likewise a portion of the Anti-Fee Act, which with other sections has been amended a number of times and down to where the section is carried in the Supplement to the present Code under that number. This Section of the Code applies to *ex officio* services as a Clerk of a special court and provides in the main body of the section that no additional salary shall be allowed these clerks, then after a long paragraph, a major portion of the section, there is a paragraph which provides that:

''Provided, that the provisions of this section prohibiting additional salaries or compensation to clerks of special courts shall not apply to courts of general session. Provided, further, that when such clerks shall

serve as clerks of a court of general session it shall be lawful for such clerk to receive additional compensation, and payable, as may be provided in the law creating such general sessions court.''

It was probably under this provision in the Code as well as Chapter 109, Public Acts of 1959, hereinbefore referred to, that the trial judge based his decision herein in holding that it was not necessary for this Clerk to account for the fees that he received as Clerk of the General Sessions Court. We think though that this provision, last quoted from Section 8-2411 of the Code, is unconstitutional for the same reason that was expressed in *Carmichael v. Hamby,* supra, and those other cases of like import hereinbefore cited as well as others. Because if this is done these few counties where this Clerk does serve as *ex officio* Clerk of the General Sessions Court that Clerk would not be on the same basis as other clerks in the same category. So it is, even though we think this portion and Section of the Code just quoted is not constitutional, the remainder of the Section can stand for what it stands for and this portion of the Section can be elided and the statute saved. *Munter v. Conner,* supra. We thus hold that this provision of the Section (8-2411, T.C.A.) is unconstitutional as conferring special privileges on those officers that might have been granted the privilege under Private Acts creating a Sessions Court. The same reasons apply here as have been used in numerous other cases.

We are more than satisfied that the whole purpose of the Anti-Fee Bill was to make these officers' salaries uniform and the portion of the Act, to-wit, Section 8-2405, to guarantee a minimum salary in various classified counties, was that these services *ex officio* or direct should be

taken into consideration in arriving at the minimum salary that the officer was to earn as well as to be taken into consideration in arriving at the maximum salary that the particular officer could earn under the various statutes.

The question is likewise raised that, to give the Clerk this additional office and allow the Clerk to keep the fees of that office separate from the offices of the Clerk of the Circuit and Criminal Courts, would be in violation of Section 26 of Article II of the Constitution in that it confers an additional office upon the Clerk. This objection may be answered by what was said by this Court in *Hancock v. Davidson County*, 171 Tenn. 420, 431, 104 S.W. 2d 824, 828, wherein this Court, speaking through the late Chief Justice Green, said:

> "The act merely makes him *ex officio* clerk of the court of general sessions and it is almost everywhere a settled rule that a statute conferring additional duties on a public officer *ex officio* does not have the effect of appointing him to a second office."

The officer here merely has some additional duties and the compensation from this office is added to the compensation that he gets from the other office in arriving at the minimum and/or maximum salary that the Anti-Fee Bill hereinbefore referred to allows the officer to make.

For the reasons hereinbefore set forth we think the trial judge was in error in holding the County was liable under the minimum salary act for the overage above the fees earned by the Clerk in the Circuit and Criminal Courts and not taking into consideration the fees earned as *ex officio* Clerk of the General Sessions Court. The

holding below is thus modified and the case remanded to show the earnings of the Clerk as Clerk of the General Sessions Court. The costs of this suit will be divided between the Clerk and the County as it is for the benefit of both and other counties or parties that might be similarly situated.