John T. STONE, Plaintiff-Appellee,

v.

Frank B. HALSELL, et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section at Nashville.

Dec. 28, 1982.

Permission to Appeal Denied by
Supreme Court March 14, 1983.

T.C. Crawford, Celina, for plaintiff-appellee.

J.H. Reneau, III, Celina, for defendants-appellants.

### ABRIDGED OPINION *

TODD, Presiding Judge, Middle Section.

The plaintiff, former Circuit Court Clerk of Clay County, sued the County Judge and members of the Legislative Body of Clay County to recover salary allegedly due from the County. The Trial Judge entered judgment for the plaintiff in the amount of $74,648.86, and defendants appealed.

Defendant's first issue on appeal is as follows:

Does T.C.A. § 18–4–201, enacted as Section 16, Chapter 109, Public Acts 1959, mandate that the Circuit Court Clerk when acting as Clerk of the General Sessions Court be paid the maximum salary specified by T.C.A. § 8–24–102 regardless of the fees earned by his office?

Pertinent portions of the statutes mentioned in the first issue are as follows:

18–4–201. Compensation of clerk of general sessions court.—(a) The clerk of the circuit court, when acting as clerk of the court of general sessions, shall receive the compensation provided by law for circuit court clerks, as fixed by § 8–24–102. The fees, commissions and emoluments of said clerk of the court of general sessions shall constitute part of the fees, commissions and emoluments of the office of the clerk of the circuit court. The clerk shall receive such additional amount for his services as clerk of the court of general sessions as may be fixed by any private act in effect on March 11, 1959 or thereafter enacted affecting such county.

8–24–102. Maximum compensation of clerks and county officers.—(a) The officers enumerated in § 8–22–101 may receive maximum compensation per year as follows:

. . . .

(6) In counties of the sixth class: County trustees, sheriffs, clerks and masters of chancery courts, county clerks, clerks of probate courts, clerks of circuit courts, registers of deeds, clerks of criminal courts, and clerks of general sessions courts. . . . $10,925

. . . .

(8)(b) Where by law one (1) person holds more than one of the offices enumerated he shall receive only the compensation of the office paying the highest salary. . . .

Section 14 of Chapter 285, Private Acts of 1949, applicable to Clay County, is as follows:

SECTION 14. That the Clerk of the Circuit and Criminal Courts of said county shall act as Clerk of said Court of General Sessions and when acting as Clerk of said Court shall be designated 'Clerk of the Court of General Sessions of Clay County, Tennessee.'

The facts were stipulated to be as follows:

1. Plaintiff was from September 1, 1954 until September 1, 1978, the duly elected Circuit Court Clerk for Clay County and also served as General Sessions Court Clerk.

2. From September 1, 1959 until September 1, 1978, the fees of the Circuit Court Clerk's office of Clay County were not sufficient to pay the minimum salary as provided by Section 8–24–104, *Tennessee Code Annotated,* and Clay County supplemented the salary.

3. Plaintiff was from September 1, 1959 to September 1, 1978, paid the minimum salary provided by Section 8–24–104, *Tennessee Code Annotated.*

4. Clay County is a County of the Sixth Class pursuant to Section 8–24–101(6), *Tennessee Code Annotated.*

* [With concurrence of participating judges, the original opinion has been abridged for publication.]

5. That the minimum and maximum salary of Circuit Court Clerks of a County of the Sixth Class, provided for in Section 8–24–104 and 8–24–102, respectively were as set forth in Exhibit "A" attached hereto.

In the case of *Clay County v. Stone,* 208 Tenn. 1, 343 S.W.2d 863 (1961), the Clerk filed a declaratory judgment suit for interpretation of Chapter 24 of Title 8, T.C.A. In particular, the Clerk insisted that the County supplement his fees as Circuit and Criminal Court Clerk so as to assure him the *minimum* salary provided for such offices without taking into account the fees received by the Clerk as Clerk of the General Sessions Court. The Supreme Court rejected the insistence of the Clerk and held that the County was liable to supplement *all* of his fees, Circuit, Criminal and General Sessions.

In the present case, the Clerk is pursuing a slightly different tactic in that he relies upon the *maximum* salary schedule and insists that the County supplement his total fees to the extent of assuring him payment of the *maximum* salary as provided above in T.C.A. § 8–24–102.

T.C.A. § 8–24–103(a) reads as follows:

Fees in lieu of salary.—(a) In case the fees, etc., collected by such officer do not amount to a sum sufficient to pay the expenses of the office as herein provided, together with the salary or salaries of such deputy or deputies and clerks, as may be allowed said office, and also the maximum salary of said officer as provided, then the said officer shall not receive the maximum salary as provided in § 8–24–104 shall be paid as required by § 8–24–104, and sheriffs in counties where penal farms are established may be paid as authorized by § 8–24–106.

From a reading of the above statutes, together with *Clay County v. Stone, supra,* this Court is satisfied that the legislative plan for compensating clerks and other county officials included in the quoted statutes is as follows:

1. The first source of compensation is fees—all of the fees from all of the offices held by a single individual.

2. If all of the fees from all of the offices is not as much as the minimum salary provided by law, then the County is required to supplement such total fees to produce a total compensation equal to the minimum provided by law.

3. If the total fees from all offices is equal to or greater than the minimum salary provided by law, then the County has no responsibility to supplement fees, but the Clerk is permitted to retain fees as salary up to the maximum allowed by law.

4. If the total fees from all offices exceeds the maximum salary, then the excess fees belong to the County.

The Clerk insists that the statements in *Clay County v. Stone, supra,* are dicta and should not control in the present case. This Court considers such statements to be correct, and adopts them whether dicta or not. Where the statutes set a minimum and maximum salary, it is unreasonable to disregard the minimum and require the maximum to be paid in every case. Moreover, the minimum salary law (T.C.A. § 8–24–104) provides that:

"... in no case *shall* ... the Clerks ... receive an annual salary less than the following amounts: ..." (emphasis supplied)

whereas, the maximum salary law (T.C.A. § 8–24–102) provides:

"The officers ... *may* receive maximum compensation per year as follows: ..." (emphasis supplied)

The simple unvarnished effect of these two statutes is that the County is required to guarantee the *minimum salary* and the Clerk is permitted to retain (out of fees) the allowable *maximum compensation.*

Nevertheless, the Clerk insists that T.C.A. § 18–4–201 (the General Sessions Act) entitles him to maximum pay because the cited section states:

"The Clerk of the Circuit Court, when acting as the Clerk of the Court of General Sessions, *shall* receive the compensation as provided by law for Circuit Court Clerks, as fixed by § 8–24–102." (emphasis supplied)

The effect of this insistence would be that every county must supplement the pay of its circuit court clerk up to the maximum if the Clerk acts as General Sessions Clerk. This Court cannot agree with such an interpretation for a number of reasons.

First, the proposed interpretation is entirely out of harmony with the uniform statewide plan of compensation for clerks.

Next, the proposed interpretation would render the statute unconstitutional. *Clay County v. Stone, supra.*

Finally, the statute referred to in § 18–4–201 is § 8–24–102 which provides that the clerk *may* receive maximum *compensation.* The "may" in the latter statute mitigates the mandatory "*shall*" in the former statute, so that the two statutes, read together mean:

> Where a circuit court clerk also acts as general sessions clerk, he *shall* be entitled to the benefits of § 8–24–102 which provides that he *may* retain fees up to the maximum allowed compensation, including fees received as general sessions clerk.

Consistent with the foregoing, this Court respectfully differs with the judgment of the Trial Judge that plaintiff is entitled to any further salary.

■ By their second issue, appellants insist that the six year statute of limitations, T.C.A. § 28–3–109, bars plaintiff's suit in respect to any salary which accrued more than six years prior to the present suit, that is, prior to June 16, 1975.

The Trial Judge accepted and adopted plaintiff's contention that the statute did not begin to run until the day after the last day of plaintiff's last term in office because of T.C.A. § 8–22–108 which provides for a

settlement between certain county officials and the county "when the several terms of office" of the official are ended, that is, at the end of the last term of office of the official. However, the first sentence of § 8–22–108 reads:

> At the end of each month, each officer enumerated in § 8–22–101 shall pay ... He shall pay ... However, ... the County Trustee ... shall advance monthly to *said* officers ... and when the terms of office of *the officers* are ended a final settlement will be had ...

It therefore appears that § 8–22–108 applies only to officials enumerated in T.C.A. § 8–22–101 which reads as follows:

> Applies only to officials of counties of more than 600,000 population.

It is stipulated that Clay County is a county of the Sixth Classification. T.C.A. § 8–24–101 provides that counties of population from six thousand to twelve thousand population constitute the Sixth Classification.

The statute relied upon by appellee, § 8–22–108, is inapplicable to Clay County or to the present case.

Moreover, even if applicable, the statute would not support the contention of appellee, because it does not provide for the very benefit which appellee seeks, i.e., guaranteed maximum salary. The statute, § 8–22–108, merely provides in its final sentence "... any deficiency in the salary of said officers ... will be paid to them out of said funds arising from the funds paid in by said officials."

The "funds paid in by said officials" are excess fees turned in to the County. There is no contention or evidence that any such funds were ever paid in by appellee or are available for paying any of his unpaid maximum salary.

Appellee cites *State for the use of Obion County v. Cobb,* 184 Tenn. 675, 202 S.W.2d 819 (1947). In that case, the County sued to recover excess fees and the defendant plead statute of limitations. The Supreme Court

held that, since Code Section 10742 (now 8–22–108) provided for final accounting for excess fees at the end of the Clerk's tenure in office, the County had no right to sue for such excess fees until the end of such tenure, and the statute did not begin to run until the right to sue accrued.

As already pointed out, the present case is the reverse situation. The County is not asserting its right to excess fees. The Clerk is asserting his right to a guaranteed salary. Even though the County could not sue the Clerk each month for the excess fees (under the statute, above), the Clerk could sue the County every month for his alleged guaranteed salary. Thus, the statute did not run against the claim of the County until it matured at the end of the Clerk's tenure, but the statute did begin to run against the Clerk as to his claim for salary which might be asserted and sued upon each month.

Appellee also relies upon *Hamilton County v. Clark,* 165 Tenn. 292, 55 S.W.2d 266 (1932) which was also a suit by a county to collect excess fees. The Supreme Court affirmed the dismissal on demurrer because the suit was premature. The cited authority is distinguishable on the ground stated above.

Appellee cites *Anderson v. Maury County,* 193 Tenn. 62, 242 S.W.2d 81 (1951). This was a suit by a clerk to obtain permission to use fees earned as General Sessions Clerk to supply a deficit in fees in other clerks' offices which occurred before the Clerk began to serve the General Sessions Court. The suit did not involve the right of the Clerk to receive supplemental funds from the County Treasury to pay his own salary. The authority is not in point.

In *Tenpenny v. Cannon County,* 180 Tenn. 618, 177 S.W.2d 817 (1944), the County Tax Assessor sued the County for unpaid salary, and the Supreme Court affirmed the dismissal of the suit on a plea of statute of limitations. The Supreme Court held that an action against a county for compensation is "quasi-contractual" under "indebitatus assumpsit" as to which the applicable limitations was six years. The present suit is clearly an action against a county for compensation as to which the applicable statute is six years.

In *Wood v. Cannon County,* 25 Tenn.App. 600, 166 S.W.2d 399 (1942), the Tax Assessor served two four-year terms. He was improperly paid a salary for the first quarter of the first term, and the County refused to pay his salary for the last quarter of the last term in an effort to recoup the funds improperly paid in the first quarter. When the Assessor sued for the last quarter's salary, the County sought to set off its right to refund of the salary illegally paid for the first quarter. The Supreme Court held that the set off of the County was barred by the six year statute of limitations, dismissed the set off and allowed the Assessor to recover the unpaid salary for the last quarter.

The two authorities just cited are applicable to the present appeal because this suit also is brought to recover salary which was allegedly due at a particular time and for which suit might have been brought from month to month. The cited authorities also demonstrate that the statute of limitations in respect to the present suit is six years.

Therefore, even if plaintiff should have any rights against the County, recovery would be restricted to salary due within six years preceding the filing of suit. However, as held above, plaintiff has no rights at all.

The judgment of the Trial Judge is reversed and plaintiff's suit is dismissed. All costs, including costs of this appeal, are taxed against plaintiff. The cause is remanded for collection of costs and such other proceedings as may be necessary and proper.

Reversed, dismissed, and remanded.

LEWIS and CONNER, JJ., concur.